[S. F. No. 5733. In Bank.—January 20, 1913.]

JOSEPH A. PRITCHARD, as Administrator of the Estate of Albert D. Shepard, Deceased, Appellant, v. THE WHITNEY ESTATE COMPANY, Respondent.

EMPLOYER AND EMPLOYEE—SECTION 1970 OF CIVIL CODE—AMENDMENT OF 1907—CONSTITUTIONAL LAW—TITLE OF ACT—SUITS AGAINST EMPLOYER.—The act of 1907 amending section 1970 of the Civil Code (Stats. 1907, p. 119), the title of which reads "An act to amend section 1970 of the Civil Code of the state of California, relating to the responsibility of employers for injuries to or death of employees," is not in conflict with section 24 of article IV of

the constitution, requiring that every act shall embrace but one subject, which subject must be expressed in its title. The general subject expressed in the title of the act authorizes the inclusion of provisions declaring who may sue the employer for damages resulting from such death. Such details need not be expressed in the title.

ID.—UNIFORM OPERATION OF ACT—GRANT OF SPECIAL PRIVILEGES.—The fact that the act gives a right of action for damages against an employer in favor of the widow, children, dependent parents, and dependent brothers and sisters of an employee whose death is caused by an injury received from negligence of a fellow-servant, and does not grant such right in favor of the husband, nephews and nieces, or other collateral heirs of the person so killed, does not render the act violative of the constitutional provisions (Const., art. I, secs. 11, 21), requiring general laws to have uniform operation, and forbidding a grant of special privileges to one citizen or class which are not given on the same terms to all.

ID.—RIGHT OF HEIRS TO SUE FOR INJURY TO ANCESTOR—RIGHT CREATED BY STATUTE.—A right of action to an heir for an injury to an ancestor does not exist at common law, and is not an inherent right. It exists only so far and in favor of such persons as the legislature may declare.

ID.—CONSTRUCTION OF CONSTITUTION—LEGISLATURE MAY DETERMINE PERSONS ENTITLED TO SUE—EXCLUSION OF HUSBANDS AND DISTANT COLLATERAL HEIRS.—Such constitutional provisions were not intended to make it necessary that the legislature, when conferring new rights of action upon particular classes of citizens for injuries not previously actionable, should by the same act declare that all persons who may suffer damages for injuries of that character shall also have such right of action. The decision of the legislature as to how far it will extend the new right is conclusive, unless it appears beyond rational doubt that an arbitrary discrimination between persons or classes similarly situated has been made without any reasonable cause therefor. It cannot be said that there is no reasonable ground for the exclusion of husbands and collateral heirs of the third degree from the benefits of the act.

ID.—SPECIAL LAW OF NEGLIGENCE AS BETWEEN EMPLOYER AND EMPLOYEE.—A law establishing rules of liability for negligence applying only to actions arising from the relation between employees and employers does not violate such constitutional provisions, that relation being sufficiently peculiar and distinct from others to warrant legislation for it as a class distinct from other relations.

ID.—EFFECT OF SECTION 1970 OF CIVIL CODE ON SECTION 377 OF CODE OF CIVIL PROCEDURE.—The precise extent to which section 1970 of the Civil Code, as amended in 1907, may prevail over the previously enacted section 377 of the Code of Civil Procedure, so far as they

authorize actions for injuries causing death, is not determined. The latter section is general, applying to all persons. The former applies only to injuries arising out of the relation of employer and employee. It is held, however, that so far as injuries arising out of that relation are made actionable where death ensues, where they were not actionable before, section 1970 is now the only statute authorizing the action.

ID.—PURPOSE OF AMENDMENT OF SECTION 1970 OF CIVIL CODE—MODIFICATION OF "FELLOW-SERVANT" DOCTRINE.—The main purpose of the amendment of 1907 to section 1970 of the Civil Code was the modification of the "fellow-servant" doctrine, whereby the mere pleading and proof that the injury or death was caused by the negligence of a coemployee in the same department of labor with the person injured or killed was available as a defense.

ID.—DEATH OF EMPLOYEE THROUGH NEGLIGENCE OF FELLOW-SERVANT—ACTION BY PERSONAL REPRESENTATIVE—NO CAUSE OF ACTION ON BEHALF OF NEPHEW.—Since the enactment of the amendment of 1907 to section 1970 of the Civil Code, where the death of an employee is occasioned through the negligence of a fellow-servant engaged in another department of labor, no cause of action against the employer accrues to the personal representative of the deceased employee on behalf of his nephew, no matter what pecuniary loss said nephew might suffer by reason of his uncle's death.

ID.—CONSTRUCTION OF AMENDMENT—CAUSE OF ACTION FOR DEATH OF EMPLOYEE—LIMITATION TO SPECIFIED BENEFICIARIES.—In construing paragraph three of that section, providing that when death results from an injury to an employee *received as aforesaid,* his personal representatives shall have a right of action therefor against the employer, for the benefit of certain enumerated beneficiaries, the words "received as aforesaid" should not be limited to the case of a death occasioned in the manner specified in paragraph two of the section, that is, to one caused by the defective or unsafe condition of machinery or appliances furnished by an employer. So construed, such paragraph, giving such right of action only on behalf of the specified beneficiaries, is applicable to the case of an employee killed through the negligence of a fellow-servant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Rothchild, Golden & Rothchild, and J. A. Pritchard, for Appellant.

Samuel Rosenheim, and Bernard Silverstein, for Respondent.

Frank H. Short, F. E. Cook, L. A. Redman, and L. T. Hatfield, *Amici Curiae.*

SHAW, J.—After the decision of this case in Department Two, a rehearing was granted before the court in Bank. With the exception of the statement in the department opinion to the effect that the heirs of a deceased person may maintain an action under section 377 for an injury causing his death against an employer who is liable only because of the new provisions contained in the amended section 1970 of the Civil Code, we adhere to the department opinion. Said statement was not necessary to the decision.

Upon the argument before the court in Bank it was contended that the paragraph of the amendment to section 1970, declaring who may sue for an injury causing death, is unconstitutional because that subject is not embraced in the title of the act, that the entire act is unconstitutional because it embraces two subjects, and that said paragraph is also invalid because it is discriminatory and not uniform in its operation. Additional briefs have also been filed upon the question of the effect of this paragraph upon section 377 of the Code of Civil Procedure, claiming that section 1970 covers the entire subject and wholly supersedes and repeals section 377.

1. The title is as follows: "An act to amend section 1970 of the Civil Code of the state of California, relating to the responsibility of employers for injuries to or death of employees." (Stats. 1907, p. 119.) The constitution declares that every act shall embrace but one subject, which subject must be expressed in its title. (Art. IV, sec. 24.) It is not necessary to discuss this question at length. The act relates to the responsibility of employers for the death of employees. This general subject properly includes provisions declaring who may sue the employer for damages resulting from such death. The details need not be expressed in the title. (*Ex parte Liddell,* 93 Cal. 637, [29 Pac. 251]; *Abeel* v. *Clark,* 84 Cal. 229, [24 Pac. 383]; *Matter of Miller,* 162 Cal. 687, 700, [124 Pac. 427].) It follows also that the act embraces but one subject.

2. The paragraph does not violate the constitutional provision requiring general laws to have uniform operation, nor that forbidding a grant of special privileges to one citizen or class which are not given on the same terms to all. (Art. I, secs. 11, 21.)   Upon this point, the argument is that it gives a right of action for damages against an employer in favor of the widow, children, dependent parents, and dependent brothers and sisters of an employee whose death is caused by an injury received from negligence of a fellow-servant, and does not grant such right in favor of the husband, nephews and nieces, or other collateral heirs of the person so killed.   A right of action to an heir for an injury to an ancestor does not exist at common law.   It is not an inherent right.   It exists only so far and in favor of such person as the legislative power may declare.   The constitutional provisions aforesaid were not intended to make it necessary that the legislature, when conferring new rights of action upon particular classes of citizens for injuries not previously actionable, should by the same act declare that all persons who may suffer damages from injuries of that character shall also have such right of action.   Many considerations of public policy affect the question of the propriety and extent of such laws, the weight and effect of which, and the method of meeting or avoiding them, are matters resting exclusively in the legislative discretion.   The probable number of husbands, or of collateral heirs of the third degree, who may suffer damage from such deaths, their probable necessitous circumstances and the consequences of extending the right to a more numerous and remote class, are among the circumstances to be considered.   The decision of the legislature as to how far it will extend the new right is conclusive, unless it appears beyond rational doubt that an arbitrary discrimination between persons or classes similarly situated has been made without any reasonable cause therefor.   (*Matter of Miller,* 162 Cal. 687, 698, [124 Pac. 427] ; *Ex parte Martin,* 157 Cal. 57, [26 L. R. A. (N. S.) 242, 106 Pac. 235].)   It cannot be said that there is no reasonable ground for the exclusion of husbands and collateral heirs of the third degree from the benefits of the act.   Hence we must give it effect as an act within the legislative discretion.   A law establishing rules of liability for negligence applying only to actions arising from the relations

between employees and employers, does not violate the constitutional provisions in question. The relation of employer and employee is sufficiently peculiar and distinct from others to warrant legislation for it as a class distinct from other relations.

3. We do not consider it necessary in this case to determine the precise extent to which section 1970 may prevail over section 377 so far as they respectively authorize actions for injuries causing death. The latter is general, applying to all persons. The former applies only to injuries arising out of the relation of employer and employee. So far as injuries arising out of that relation are made actionable where death ensues, where they were not actionable before, section 1970 is now the only statute authorizing the action. The language of the opinion in department is to be understood to refer only to such actions. Farther than this we need not go. The present case arose out of the newly created liability.

The judgment is affirmed.

Henshaw, J., Sloss, J., Angellotti, J., and Melvin, J. concurred.

The following is the opinion of Department Two, rendered on June 13, 1912, referred to and adopted in the foregoing opinion in Bank.

MELVIN, J.—A demurrer to the complaint in this case having been sustained without leave to amend and the judgment having been accordingly entered in favor of the defendant, an appeal therefrom is taken by plaintiff.

The action was commenced by the administrator of the estate of Albert D. Shepard on behalf of a nephew of the deceased, for damages alleged to be due by reason of the death of said Shepard caused by the negligence of defendant's servant. There were three counts in the complaint, all of them setting forth the alleged interest of Wayne Shepard, the minor in whose behalf the action was brought. According to these averments Albert D. Shepard was over the age of twenty-one years; he was a housesmith earning from seven dollars and fifty cents to twenty dollars a day; was employed to place certain iron fittings in and about the elevator shafts in defend-

ant's building, and in the performance of said work it became necessary for him to project himself into the elevator shafts as defendant well knew. While he was so performing his duties, defendant's night watchman negligently set in motion one of the elevators which, striking Albert D. Shepard, caused his death. There was no contributory negligence on the part of said Albert D. Shepard. It was further alleged that Albert D. Shepard left surviving him two brothers and Wayne Shepard, aged six, the son of a deceased brother; that Wayne's mother was in impoverished circumstances and was unable to maintain her child; that Wayne Shepard was supported by his uncle Albert; that the latter regularly contributed sums varying from fifty dollars to seventy-five dollars per month for the maintenance of his said nephew; that plaintiff knew of no damage sustained by the brothers of the deceased; and that Wayne Shepard was damaged in the sum of twenty-five thousand dollars for the carelessness of defendant in causing the death of Albert D. Shepard.

Appellant insists that section 1970 of the Civil Code, which was adopted many years after section 377 of the Code of Civil Procedure went into effect, does not repeal the latter section, but that the right of action is cumulative with that conferred by the Code of Civil Procedure. Appellant's theory of the relation between these two sections is that while the third paragraph of section 1970 of the Civil Code may in some degree modify the right of action conferred by section 377 of the Code of Civil Procedure, it restricts that right of action only so far as it would arise from a state of facts contemplated by the second paragraph of section 1970 of the Civil Code, and in no manner changes the right of action conferred by the Code of Civil Procedure arising by reason of the death of an employee caused by the negligence of a fellow-servant in a different department of labor. In order that we may the better analyze these theories it may be well to quote the two sections:

"Sec. 1970 (Civ. Code). An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless the negligence causing the injury was com-

mitted in the performance of a duty the employer owes by
law to the employee, or unless the employer has neglected to
use ordinary care in the selection of the culpable employee;
provided, nevertheless, that the employer shall be liable for
such injury when the same results from the wrongful act,
neglect or default of any agent or officer of such employer,
superior to the employee injured, or of a person employed by
such employer having the right to control or direct the services
of such employee injured, and also when such injury results
from the wrongful act, neglect or default of a coemployee
engaged in another department of labor from that of the
employee injured, or employed upon a machine, railroad train,
switch signal point, locomotive engine, or other appliance
than that upon which the employee is injured is employed,
or who is charged with dispatching trains, or transmitting
telegraphic or telephonic orders upon any railroad, or in the
operation of any mine, factory, machine shop or other indus-
trial establishment.

"Knowledge by an employee injured of the defective or
unsafe character or condition of any machinery, ways, appli-
ances or structures of such employer shall not be a bar to
recovery for any injury or death caused thereby, unless it
shall also appear that such employee fully understood, com-
prehended and appreciated the dangers incident to the use of
such defective machinery, ways, appliances or structures, and
thereafter consented to use the same or continued in the use
thereof.

"When death, whether instantaneous or otherwise, results
from an injury to an employee *received as aforesaid,* the per-
sonal representative of such employee shall have a right of
action therefor against such employer, and may recover dam-
ages in respect thereof, for and on behalf, and for the benefit
of the widow, children, dependent parents, and dependent
brothers and sisters, in order of precedence as herein stated,
but no more than one action shall be brought for such recov-
ery.

"Any contract or agreement, express or implied, made by
any such employee to waive the benefits of this section, or any
part thereof, shall be null and void, and this section shall not
be construed to deprive any such employee or his personal

representative, of any right or remedy to which he is now entitled under the laws of this state.

"The rules and principles of law as to contributory negligence which apply to other cases shall apply to cases arising under this section, except in so far as the same are herein modified or changed."

"Sec. 377 (Code Civ. Proc.). When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case, may be just."

We can see no reason for adopting the reading which would make the words "received as aforesaid" refer only to the second paragraph of section 1970 of the Civil Code. The main purpose of the amendment to that section, adopted in 1907, was the modification of the "fellow-servant" doctrine whereby only pleading and proof that the injury or death was caused by the negligence of a coemployee in the same department of labor with the person injured or killed was available as a defense. The legislature might well have believed that in thus curtailing this defense, it should in fairness to defendants more accurately than did section 377 of the Code of Civil Procedure designate the persons for whose benefit the personal representative of one who had been killed because of another's negligence might prosecute an action, but whatever may have been the purpose, the words "received as aforesaid," neither in themselves nor because of their location in the section indicate the intention of giving them a special limitation to the paragraph preceding the one in which they are used. Giving to these words their ordinary meaning they apply as well to the case of an employee killed through the negligence of a fellow-servant as to one whose death is caused by the defective or unsafe condition of machinery or appliances furnished by an employer. The complaint here, as appellant insists, is one which charges the death of plaintiff's decedent through the negligence of a fellow-servant engaged in another department of labor; but in such a case no right

of action accrues to an administrator on behalf of a nephew of his decedent. As Wayne Shepard does not come within any of the classes mentioned in paragraph 3 of section 1970 of the Civil Code, no cause of action is stated in the complaint, no matter what pecuniary loss said nephew might suffer by reason of his uncle's death. This reading of section 1970 of the Civil Code does not interpret that section as repealing section 377 of the Code of Civil Procedure. The last named section appears in that part of the code relating to "parties to civil actions." Section 1970 of the Civil Code does not take away the "right of action" by a personal representative as outlined in section 377 of the Code of Civil Procedure, but it does affect the "cause of action" when such representative seeks damages on behalf of a collateral relative of his decedent of the third degree. In such a case no recovery is possible. It is to be noted also that section 377 still gives a right of independent action to heirs which is not granted by the Civil Code; but when an administrator brings suit his powers are limited by section 1970 of the Civil Code, which is the last declaration of the legislature on the subject.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.