420 F.Supp. 880 (1976)
In re PARIS AIR CRASH OF MARCH 3, 1974.
Elizabeth Diana Lloyd RANKIN, Individually and as guardian ad litem of Zoe Francesca James Williams, a minor, et al., Plaintiffs,
v.
McDONNELL DOUGLAS CORPORATION et al., Defendants.
M.D.L. No. 172; Civ. No. 75-667-PH.
United States District Court, C. D. California.
October 4, 1976.
William A. Norris, Joseph R. Austin, Charles Rosenberg, Ronald C. Peterson, Tuttle & Taylor Inc., Robert C. Packard, Jaques Soiret, Kirtland & Packard, Los Angeles, Cal., James M. Fitzsimons, Joseph Asselta, Mendes & Mount, New York City, Leo J. Biegenzahn, Belcher, Henzie & Biegenzahn, Los Angeles, Cal., for defendant McDonnell Douglas Corp.
F. Lee Bailey and Aaron J. Broder by Seymour Madow, New York City; Butler, Jefferson & Fry by James G. Butler, James M. Jefferson, Robert P. Fry, Michael A. K. Dan, Moses Lebowitz, Los Angeles, Cal.; Chase, Rotchford, Drukker & Bogust by Henry J. Bogust, Los Angeles, Cal.; Goldfarb & Singer, Washington, D.C.; Green, Royce & Seaman by Irving H. Green, Beverly Hills, Cal.; Hodge & Hodges by John R. Skoog, Los Angeles, Cal.; Horgan & Robinson by Mark P. Robinson, Los Angeles, Cal.; Kreindler & Kreindler by Lee S. Kreindler, Marc S. Moller, Melvin I. Friedman, New York City; Krutch, Lindell, Donnelly, Dempcy, Lageschulte & Judkins, P.S. by Richard F. Krutch, Vernon T. Judkins, Seattle, Wash.; Lewis, Wilson, Cowles, Lewis & Jones, Ltd. by Richard H. Jones, Arlington, Va.; McGrail & Nordlund by Joseph V. McGrail, Alexandria, Va.; Magana & Cathcart by Daniel C. Cathcart, James J. McCarthy, Los Angeles, Cal.; Morgan, Wenzel & McNicholas by Wm. Marshall Morgan, Los Angeles, Cal.; David Noble, *881 Los Angeles, Cal.; Paul, Weiss, Rifkind, Wharton & Garrison by Joseph S. Iseman, John J. O'Neil, New York City; Shahin & Wawro by James Wawro, Los Angeles, Cal.; Sherman & Schwartz by Arthur Sherman, Beverly Hills, Cal.; Speiser & Krause by Stuart M. Speiser, Charles F. Krause, New York City; Speiser, Krause & Madole by Donald W. Madole, A. George Glasco, Juanita M. Madole, Washington, D.C.; Walkup, Downing & Sterns by Gerald C. Sterns, Thomas G. Smith, San Francisco, Cal.; Walsh & Levine by Laurence W. Levine, New York City, for plaintiffs.
Overton, Lyman & Prince by Fred S. Lack, Brenton F. Goodrich, Gregory A. Long, Ernest E. Johnson, Los Angeles, Cal., for General Dynamics.
Adams, Duque & Hazeltine by Thomas F. Call, Los Angeles, Cal.; Condon & Forsyth by George N. Tompkins, Jr., Desmond T. Barry, Jr., Frank A. Silane, New York City; Latham & Watkins by Philip F. Belleville, A. Victor Antola, Thomas L. Harnsberger, Los Angeles, Cal.; Shaw, Pittman, Potts & Trowbridge by Phillip D. Bostwick, Jay H. Bernstein, Washington, D.C., for Turkish Airlines, Inc.
William D. Keller, U. S. Atty. by James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal.; George E. Farrell, Jr., John G. Laughlin, Sp. Atty., Herbert L. Lyons, Sp. Atty., Tort Claims Section, Aviation Unit, Civ. Div., Dept. of Justice, Washington, D.C.; Neil R. Eisner, Federal Aviation Administration, Washington, D.C., for the United States.
ORDER DENYING PLAINTIFFS' MOTION FOR AN ORDER DECREEING THE RIGHT OF COMMON-LAW WIVES TO RECOVER WRONGFUL-DEATH DAMAGES AND ORDER DISMISSING CLAIMS FOR FAILURE TO STATE A CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED
PEIRSON M. HALL, Senior District Judge.
This matter having come on regularly before the Court; and
Memoranda of points and authorities having been filed by plaintiffs and by defendant McDonnell Douglas Corporation; and
Oral argument having been heard on behalf of and in opposition to the dismissal of the claims of certain plaintiffs in the above entitled action;
The following appears to the Court:
1. The law of California is the law applicable to all issues in the Paris Air Crash cases.
2. The above entitled action is an action for wrongful death under California Code of Civil Procedure Section 377.
3. Under California Code of Civil Procedure, Section 377(a) only heirs have standing to sue for wrongful death damages. For purposes of that section, "heirs" include individuals who were "dependent on the decedent" and who are a "putative spouse," i. e., the "surviving spouse of a void or voidable marriage who is found by the court to have believed in good faith that the marriage to decedent was valid." California Code of Civil Procedure Section 377(b).
4. The status of "putative spouse" in California requires, inter alia, participation in a marriage ceremony.
5. There is no allegation in the above entitled action that any plaintiff claiming as a "common-law wife" qualifies as a putative spouse within the meaning of said Section 377(b).
6. Therefore, none of the plaintiffs claiming as a common law wife has stated a cause of action for which relief can be granted.

ORDER
THEREFORE, IT IS HEREBY ORDERED that, good cause appearing, plaintiffs' motion for an order decreeing the right of common-law wives to recover wrongful death damages be denied for failure to state a cause of action for which *882 relief can be granted under Federal Rules of Civil Procedure, Rule 12(b)(6) and that the claims of plaintiffs in the above action who are common-law wives be dismissed.
IT IS FURTHER ORDERED that the within order is certified for appeal pursuant to 28 U.S.C. § 1292(b) because the Court is of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal therefrom may materially advance the ultimate termination of the within litigation.