**Rachel VOGEL, Individually and Rachel Vogel and Crocker National Bank as Executors and Personal Representatives of the Estate of Le Roy W. Vogel, Deceased, Plaintiffs,**

v.

**PAN AMERICAN WORLD AIRWAYS, INC., Koninklijke Luchtvaart Maatschappij N.V., a corporation, Individually and doing business as KLM Royal Dutch Airlines, Victor Grubbs, Robert Bragg, and the Kingdom of Spain, Defendants.**

No. 77 Civ. 5872 (RJW).

United States District Court, S. D. New York.

May 19, 1978.

ROBERT J. WARD, District Judge.

Defendant Pan American World Airways, Inc. ("Pan Am") moves for summary judgment, pursuant to Rule 56, Fed.R.Civ.P. For the reasons hereinafter stated, the motion is granted and the claims asserted by Rachel Vogel ("Mrs. Vogel") in her individual capacity are dismissed.

This is an action[1] to recover for the wrongful death of Le Roy W. Vogel as the result of a crash between a Pan Am 747 aircraft and a KLM Royal Dutch Airlines 747 aircraft at Santa Cruz de Tenerife, Spain on March 27, 1977. The following facts are not disputed by Mrs. Vogel: On August 28, 1975, Mrs. Vogel (then Rachel Phillips) married Le Roy Vogel in San Diego, California. On October 12, 1976, the Superior Court of California, County of Santa Barbara, entered a Final Judgment of Dissolution of Marriage *In re the Marriage of Rachel H. Vogel and Le Roy William Vogel.* Rachel and Le Roy Vogel did not remarry prior to the death of Le Roy Vogel on March 27, 1977. At the time of his death, Le Roy Vogel was domiciled in the State of California.

Pan Am, in essence, contends that summary judgment is warranted because Mrs. Vogel is not an heir of Le Roy Vogel and, thus, is not entitled to maintain an action in her individual capacity for Mr. Vogel's wrongful death.

█ The Court first concludes that California substantive law applies to the issue of who may maintain an action for the wrongful death of Mr. Vogel, a California domiciliary.[2] *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *see Hurtado v. Superior Court,* 11 Cal.3d 574, 581, 114 Cal.Rptr. 106, 110, 522 P.2d 666, 670 (1974). Under California substantive law, a wrongful death action may be maintained, in an individual capacity, only by the decedent's heirs. California Code of Civil Procedure § 377(a).

[2] So far as is relevant, heirs is defined by California Code of Civil Procedure § 377(b) to include those who would be entitled to succeed to the property of the decedent under California's rules of intestate succession. Since Mrs. Vogel was not married to Le Roy Vogel at the time of his death, she would not qualify as an heir on this basis. Also included within § 377(b)'s definition of heirs are "putative spouses," defined as "surviving spouse[s] of a void or voidable marriage, who [are] found by the court to have believed in good faith that the marriage to the decedent was valid." Mrs. Vogel is not a putative spouse because, according to her own uncontroverted testimony, she did not participate in any marriage ceremony with Le Roy Vogel subsequent to the dissolution of their marriage on October 12, 1976, nor did she believe she was married to him at the time of his death. Therefore, the Court concludes that Mrs. Vogel was not Le Roy Vogel's heir within the meaning of § 377.

Mrs. Vogel appears to concede that she does not qualify as a plaintiff under the traditional meaning of § 377. However, she argues that this Court ought to interpret § 377 so as to allow her to maintain this action individually because she was Le Roy Vogel's meretricious spouse at the time of his death, and California now recognizes the rights of meretricious spouses.[3] Regardless of any other rights of meretricious spouses now acknowledged by the California courts, the courts of that state have also recognized that wrongful death remains purely a statutory cause of action in California and that, absent constitutional considerations, the matter of who may bring a wrongful death

1. This action was originally filed in the United States District Court for the Central District of California. It was transferred to this Court pursuant to an order of the Judicial Panel on Multidistrict Litigation.

2. Mrs. Vogel does not seriously seem to dispute the appropriateness of applying California substantive law to this issue. Rather, she contends that Pan Am's motion is premature because "the Court has not [yet] decided the complex conflict of law question the Tenerife crash presents." The Court does not believe that Pan Am's motion is premature, as it finds no reason to delay resolving the conflict of laws issue raised by this motion.

3. Mrs. Vogel refers to the decision of the California Supreme Court in *Marvin v. Marvin,* 18 Cal.3d 660, 134 Cal.Rptr. 815, 557 P.2d 106 (1976), which held that meretricious spouses have the same rights to enforce contracts and to assert their equitable interest in property acquired through their effort as do other unmarried persons. *Id.* at 684, 134 Cal.Rptr. at 831, 557 P.2d at 122.

action is within the province of the legislature. *See, e. g., Justus v. Atchison,* 19 Cal.3d 564, 139 Cal.Rptr. 97, 565 P.2d 122 (1977) (en banc); *Steed v. Imperial Airlines,* 12 Cal.3d 115, 115 Cal.Rptr. 329, 524 P.2d 801 (1974). As the California Supreme Court recently noted:

> . . . [W]e are persuaded that the Legislature intends to occupy the field of recovery for wrongful death. For this reason the remedy remains a creature of statute in California (*Larcher v. Wanless* (1976) 18 Cal.3d 646, 656, 135 Cal.Rptr. 75, 557 P.2d 507; *Steed v. Imperial Airlines* (1974) 12 Cal.3d 115, 119–120, 115 Cal. Rptr. 329, 524 P.2d 801) regardless of whether a cause of action for wrongful death did or did not exist at common law.
>
> . . .
>
> Because it is a creature of statute, the cause of action for wrongful death "exists only so far and in favor of such person as the legislative power may declare." (*Pritchard v. Whitney Estate Co.* (1913) supra, 164 Cal. 564, 568, 129 P. 989, 992.)

*Justus v. Atchison, supra,* 19 Cal.3d at 575, 139 Cal.Rptr. at 104, 565 P.2d at 129 (1977). The plain fact is that "meretricious spouses" are not included in the statutory definition of "heirs". Therefore, Mrs. Vogel is not entitled under the California wrongful death statute to maintain this action in her individual capacity.[4]

Mrs. Vogel also asserts that the California wrongful death statute denies her equal protection and due process because the legislature lacked a rational basis for giving dependent putative spouses the right to sue for wrongful death, while denying the same right to dependent meretricious spouses.

In evaluating Mrs. Vogel's constitutional challenge, this Court must be guided by the principle that

[s]tate legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.

*McGowan v. Maryland,* 366 U.S. 420, 425–26, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961).

With this standard as its model, the Court finds that § 377 passes constitutional muster. To begin with, the legislature could reasonably have concluded that the failure of meretricious spouses to adopt the responsibility of the marital vows and the legal obligation resulting from a formal marriage ceremony evidenced a lack of permanent commitment which made compensation for loss of monetary support too speculative to calculate. The legislature also could have legitimately found that the distinction between putative and meretricious spouses serves to avoid fraudulent claims and complicated proof at trial: While putative spouses can prove their relationship with the decedent through documentary evidence of their participation in a marriage ceremony, meretricious spouses would have to prove their relationship through more subjective, and therefore more difficult to evaluate, proof. Finally, the legislature could have rationally expected that its refusal to provide statutory property rights to meretricious spouses of its decedents would encourage its citizens to enter into formal matrimony, thereby promoting its recognized state interest in fostering the institution of formal marriage.[5]

Mrs. Vogel relies on the Supreme Court's decisions in *Levy v. Louisiana,* 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968) and *Glona v. American Guaranty & Liability Insurance Co.,* 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968) to support her contention that the classification involved in § 377 lacks a rational basis. In *Levy* and *Glona,* the Court held that the Louisiana wrongful

---

**4.** Judge Hall reached a like conclusion, *i. e.,* that common law wives do not state a cause of action under California Code of Civil Procedure § 377, in *In re Paris Air Crash,* 420 F.Supp. 880 (C.D.Cal.1976).

**5.** *E. g., Marvin v. Marvin, supra,* 18 Cal.3d at 684, 134 Cal.Rptr. at 831, 557 P.2d at 122.

death statute's failure to provide illegitimate children and their mothers the right to sue for each other's wrongful death lacked any rational basis and therefore constituted a denial of equal protection. However, in contrast to the case of meretricious spouses, the legislature in *Levy* and *Glona* could not rationally have found the relationship between an illegitimate child and his or her mother any less permanent than that of a legitimate child and his or her parent. Likewise, official documentation of birth largely avoids problems of fraudulent claims and proof in establishing the relationship between a child and his or her natural mother. *See Glona v. American Guaranty & Liability Ins. Co., supra,* 391 U.S. at 76, 88 S.Ct. 1515. Furthermore, in contrast to the policy involved in the present case, the legislature in *Levy* and *Glona* could not rationally have expected that denying mothers and their illegitimate children recovery for each other's wrongful death would deter illegitimacy. Therefore, the Court finds Mrs. Vogel's reliance on these cases misplaced,[6] and concludes that § 377 does not deny meretricious spouses due process or equal protection of the laws.

Lastly, Mrs. Vogel asserts that the stipulation she entered into with Pan Am in which she agreed not to pursue punitive damages in exchange for Pan Am's agreement not to contest liability for compensatory damages estops Pan Am from raising the issue of Mrs. Vogel's entitlement to bring the present action because Pan Am did not reserve such right in the stipulation. This is a frivolous contention: In clause 5 of the stipulation, Pan Am expressly reserved all defenses other than the Warsaw Convention/Montreal Agreement limitations on recoverable compensatory damages and the defense of no liability for compensatory damages.

Accordingly, Pan Am's motion is granted. Inasmuch as the same reasoning applies to all defendants, the claims asserted by Ra-

chel Vogel, individually, are dismissed as to all defendants. This dismissal does not affect the complaint insofar as it is brought by Rachel Vogel and Crocker National Bank as Executors and Personal Representatives of the Estate of Le Roy W. Vogel.

It is so ordered.

---

6. The Supreme Court has suggested that because the stigma of illegitimacy is involuntary acquired at birth, a stricter version of the rational basis test is applied in such circumstances. *See Trimble v. Gordon,* 430 U.S. 762, 767,

97 S.Ct. 1459, 52 L.Ed.2d 31 (1977); *Weber v. Aetna Casualty & Surety Co.,* 406 U.S. 164, 172–76, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972). Thus, the cases relied on by Mrs. Vogel may be distinguishable on yet another ground.