625 F.2d 325
 Joan ASPINALL, Individually and as personal representative
of the Estate of Anthony Price, Deceased, and Janet Paehlig,
Special Administrator of the Estate of Anthony Price,
Deceased, Plaintiffs-Appellants,
v.
McDONNELL DOUGLAS CORPORATION, a corporation et al.,
Defendants-Appellees.
 No. 77-3966.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 4, 1979.
Decided Aug. 13, 1980.
Rehearing Denied Oct. 1, 1980.
 
 Bryce C. Anderson, Martinez, Cal., for plaintiffs-appellants.
 Roger E. Hawkins, Los Angeles, Cal., argued, Robert S. Stern, Los Angeles, Cal., argued and on brief, for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before CHAMBERS and TANG, Circuit Judges, and ORRICK,* District Judge.
 CHAMBERS, Circuit Judge:
 
 
 1
 Appellant Aspinall, individually and as personal representative of the estate of Anthony Price, appeals from the district court's order for summary judgment holding that she and her children are not his "heirs" for the purposes of the California wrongful death act (Section 377, California Code of Civil Procedure).
 
 
 2
 Price was killed in March 1974, with 345 other passengers and crew members, when a DC-10 owned and operated by appellee Turk Hava Yollari, A. O. (also known as Turkish Airlines, Inc.) crashed at Paris. The plane had been manufactured by appellee McDonnell Douglas Corporation and it had been designed in part by appellee General Dynamics Corporation. At the time of his death Price, a resident of England, was unmarried and had no issue. His parents were deceased and he had no collateral heirs. But he and appellant had lived together in the roles of husband and wife for over four years and Price left his entire estate to appellant by will. He had been the sole support (except for a small pension) of appellant and her children during the four years, but he had never married appellant and he had never adopted her children.
 
 
 3
 Over 200 lawsuits involving more than 1000 claimants were filed in, or transferred to, the Central District of California and handled as multidistrict litigation. In 1976 three groups of plaintiffs sought an order of the district court holding that common-law wives were proper parties plaintiff, urging that they would be deemed such under California law as implemented by federal law. Appellant joined in that motion and thus explicitly invited the court to apply California law,[1] which it proceeded to do. The court also held that "common-law" spouses had no standing under the California wrongful death act. Apparently through oversight, the order on the motion was not filed in appellant's case. Appellees therefore moved for summary judgment and it was granted. It was held that appellant and her children were not eligible for relief under California's wrongful death statute as they did not qualify as "heirs" for the purpose of that statute.[2]
 
 
 4
 Under California law the right of a survivor to recover under the wrongful death theory is purely statutory; the Legislature's intent in adopting the statute was to create an entirely new cause of action where none existed theretofore. Justus v. Atchison, 19 Cal.3d 564, 572-575, 139 Cal.Rptr. 97, 565 P.2d 122 (1977). At the time that the cause of action arose in this case, the courts of California defined "heirs," as used in Section 377, as those "who would have been eligible to inherit from the decedent's estate had he died intestate," i. e. under the intestacy provisions of the California Probate Code. Steed v. Imperial Airlines, 12 Cal.3d 115, 119, 115 Cal.Rptr. 329, 524 P.2d 801 (1974); see Section 377 as amended in 1975 to incorporate this court-made definition. Nowhere in those Probate Code provisions, as worded at the time this cause of action arose, would appellant come within the definition of an "heir," entitled to succeed to decedent's estate. And nowhere in those Probate Code provisions would her children be considered his "heirs."
 
 
 5
 Appellant contends that she would be entitled to succeed to some of decedent's estate because she was his "putative spouse." Even if we were to accept, for purposes of argument, her interpretation of the rights of putative spouses under California case law, it is clear that she was not a "putative spouse" according to the California definition, i. e. a surviving spouse of a marriage that was "solemnized in due form and celebrated in good faith by at least one of the parties but which, by reason of some legal infirmity, is either void or voidable." Kunakoff v. Woods, 166 Cal.App.2d 59, 63, 332 P.2d 773, 775 (1958); see Section 377(b)(2) as amended in 1975. In this case there is no claim of any marriage, whether legal, void or voidable.
 
 
 6
 Appellant also refers us to Marvin v. Marvin, 18 Cal.3d 660, 134 Cal.Rptr. 815, 557 P.2d 106 (1976), but her reliance on that case is misdirected. It deals only with the parties' rights arising out of contract or rules of equity. It does not expand on any statutory definition of "heir" under the Probate Code or under Section 377.
 
 
 7
 Appellant goes a step further and claims standing on the ground that under English law (the law of Price's and her residence) she would be considered an "heir" and that this fact should satisfy the California wrongful death statute. There is, at the outset, a potential problem with this argument as there is question whether the English law, upon which she relies, has been sufficiently pleaded and proved. But even assuming that Section 46 of the Administration of Estates Act of 1925 (13 Halsbury's Statutes of England, p. 70 et seq.), is as she says,[3] under it the decedent's estate in this case would escheat to the Crown and thereafter the Crown "may" provide for dependents, whether kindred or not. The language of the English statute is permissive only.[4] We do not read this language as creating a "right" in appellant or her children under Section 377.
 
 
 8
 Appellant also urges this Court to extend the California wrongful death statute to her and her children on some equitable basis. While we might like to do so, our hands are tied. We cannot legislate this change in California's statute law. Finally, we cannot accept appellant's argument that the California statute denies her and her children equal protection. See Justus v. Atchison, supra, 19 Cal.3d at 581, 139 Cal.Rptr. 97, 565 P.2d 122, Steed v. Imperial Airlines, supra; Vogel v. Pan American World Airways, 450 F.Supp. 224 (S.D.N.Y.1978).
 
 
 9
 Affirmed.
 
 
 
 *
 The Honorable William H. Orrick, Jr., United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 Appellant, mainly by references in a footnote in her opening brief, mentions the possibility of French law applying. Given the absence of any pleading or proof of French law, and given appellant's act of inviting the district court to apply California law, we are not inclined at this date to treat those footnote references as requiring our attention at this late date
 
 
 [2]
 Section 377, as worded at the time that this cause of action arose, stated:
 "When the death of a person . . . is caused by the wrongful act or neglect of another, his heirs, and his dependent parents, if any, who are not heirs, or personal representatives on their behalf may maintain an action for damages against the person causing the death . . . ."
 
 
 [3]
 "In default of any person taking an absolute interest under the foregoing provisions, the residuary estate of the intestate shall belong to the Crown . . . . The Crown . . . may . . . out of the whole or any part of the property devolving on them respectively, provide, in accordance with the existing practice, for dependents, whether kindred or not, of the intestate, and other persons for whom the intestate might reasonably have been expected to make provision."
 
 
 [4]
 We, therefore, do not reach appellant's underlying argument that California would consider her an "heir" under Section 377 because of her rights, if any, under English law