[Civ. No. 22576. Fourth Dist., Div. One. Apr. 17, 1981.]

GARRY S. HARROD, Plaintiff and Appellant, v.
PACIFIC SOUTHWEST AIRLINES et al., Defendants and
Respondents.

COUNSEL

Mix & Hodges, Terence J. Mix and Richard F. G. Thomas for Plaintiff and Appellant.

Kern, Wooley & Maloney, Ralph S. LaMontagne, Jr., Engstrom, Lipscomb & Lack and Paul W. Engstrom for Defendants and Respondents.

OPINION

**BROWN, (Gerald), P. J.**—Garry S. Harrod appeals the judgment dismissing his action for the wrongful death of Paula A. Blake.

Blake died in the notorious crash of Pacific Southwest Airlines's (PSA) flight 182 on September 25, 1978. She and Harrod had not participated in a marriage ceremony, but they had been living together since February 1977 and were engaged to be married in April 1979. They pooled their earnings while living together and had agreed to share equally the property accumulated during their relationship. About a month before Blake's death, they bought a house, taking title in both names; both contributed to the down payment, and each agreed to contribute to the mortgage payments.

PSA and codefendant Gibbs Flite Center, Inc., demurred to Harrod's complaint, contending he did not have a cause of action for Blake's wrongful death because he is not her heir, as defined in section 377 of the Code of Civil Procedure. The trial court sustained the demurrer without leave to amend and dismissed the action.

█ Harrod unmeritoriously contends the trial court erred in dismissing his action because, as Blake's "meretricious spouse," he qualifies as her "heir." Section 377, subdivision (b) defines heirs as: (1) heirs at law, or those who would take if the decedent died intestate; (2) if they were dependent on the decedent, a putative spouse, children of a putative spouse, step-children, and parents; and (3) minors who lived in the decedent's household. The meretricious spouse of a decedent is not an "heir" who may bring an action for wrongful death under section 377 (*Aspinall* v. *McDonnell Douglas Corp.* (9th Cir. 1980) 625 F.2d 325, 327; *Vogel* v. *Pan American World Airways, Inc.* (S.D.N.Y. 1978) 450 F.Supp. 224, 226 (applying California law)).[1]

█ Harrod argues, however, section 377's exclusion of meretricious spouses denies him equal protection of the laws. The Legislature may

---

[1]Harrod relies heavily on *Estate of Atherley* (1975) 44 Cal.App.3d 758 [119 Cal.Rptr. 41, 81 A.L.R.3d 97], which accorded a meretricious spouse the same property rights as a putative spouse. However, the court reached this conclusion by applying the Family Law Act (Civ. Code, § 4000 et seq.) to the meretricious relationship, and the Supreme Court has since held the act does not apply to a nonmarital relationship (*Marvin* v. *Marvin* (1976) 18 Cal.3d 660, 665 [134 Cal.Rptr. 815, 557 P.2d 106]). Consequently, *Atherley* no longer is persuasive authority.

decide who is entitled to sue for wrongful death, and its determination must be upheld if it is rationally related to the legitimate state purpose of placing reasonable limits on the right to recover for wrongful death (*Justus* v. *Atchison* (1977) 19 Cal.3d 564, 581-582 [139 Cal.Rptr. 97, 565 P.2d 122]; *Steed* v. *Imperial Airlines* (1974) 12 Cal.3d 115, 123-124 [115 Cal.Rptr. 329, 524 P.2d 801, 68 A.L.R.3d 1204]). The exclusion of a decedent's meretricious spouse from the class of persons entitled to sue for wrongful death is a reasonable limitation by the Legislature on a right it has created. The Legislature could reasonably conclude a relationship which the parties have chosen not to formalize by marriage lacks the necessary permanence to allow the survivor to recover damages for wrongful death—damages which look to the future and are intended to compensate for future loss. In addition, an action based on a meretricious relationship presents greater problems of proof and dangers of fraudulent claims than an action by a spouse or putative spouse. Finally, the exclusion of meretricious spouses is reasonably related to the state's legitimate interest in promoting marriage (*Vogel* v. *Pan American World Airways, Inc., supra*, 450 F.Supp. 224, 226). Section 377 does not deny Harrod equal protection of the laws.

Harrod argues he should be permitted to maintain his action even if he cannot do so under the statute, because a cause of action for wrongful death exists at common law. This contention is also without merit. As our Supreme Court recently reaffirmed, the cause of action for wrongful death is purely statutory and "'exists only só far and in favor of such person as the legislative power may declare.'" (*Justus* v. *Atchison, supra*, 19 Cal.3d 564, 575, quoting *Pritchard* v. *Whitney Estate Co.* (1913) 164 Cal. 564, 568 [129 P. 989].)

The judgment is affirmed.

Cologne, J., and Staniforth, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 29, 1981. Bird, C. J., was of the opinion that the petition should be granted.