[Civ. No. 63950. Second Dist., Div. Four. July 15, 1982.]

LUCILA GARCIA, Plaintiff and Appellant, v.
DOUGLAS AIRCRAFT COMPANY et al., Defendants and
Respondents.

**Counsel**

Stutman, Treister & Glatt, Anthony Castanares, George M. Treister and Robin L. Riblet for Plaintiff and Appellant.

Shield & Smith, Jeffery S. Behar, Overton, Lyman & Prince, Frederick S. Lack, Jr., Gregory A. Long, John J. Reiner, Kirtland & Packard, Robert C. Packard, Joseph E. Gregorich, Murphy, Thornton, Hinerfeld & Cahill, Richard A Murphy, John T. Thornton, O'Melveny & Meyers, Robert S. Draper and John V. Roos for Defendants and Respondents.

**Opinion**

**BERG, J.**[*]—This appeal presents the issue of whether one who is not described as an "heir" under Code of Civil Procedure section 377[1] but who was the fiancee of the decedent and who had cohabited with him may bring an action for his alleged wrongful death.

Appellant Lucila Garcia appeals from the granting of summary judgment for respondents under section 437c. In her action she seeks to recover for the wrongful death of Allen O. Riddle III as the result of the Chicago airplane crash of May 25, 1979, killing all aboard. She and Riddle (the decedent) had not been married, but they were engaged to be married. The date set for their wedding was June 2, 1979, eight days after his death.

They were first engaged in November 1977 with plans to be married six months later, and cohabited continuously from December 1977 to June 1978 with both pooling earnings and expenses. In March 1978 they decided to postpone their wedding for approximately one year. In June 1978 decedent moved from her apartment because of her wish to

---

[*]Assigned by the Chairperson of the Judicial Council.
[1]Hereafter, all references are to Code of Civil Procedure.

discontinue cohabitation until closer to the time of the wedding. In 1979 they set the new date for their wedding, June 2, 1979. During this time they jointly purchased a home with title in both names and cohabited from March 1979 to decedent's death, pooling resources and incurring joint indebtedness.[2]

■ Appellant contends that the court below erroneously granted the motion and that she should be permitted to bring this action as an "heir" within section 377, subdivision (b)(1), which defines heirs as being "only the following: (1) Those persons who would be entitled to succeed to the property of the decedent according to the [laws pertaining to intestacy] . . . ." Appellant's contention is without merit.

Wrongful death actions under California law are purely statutory. ■ "Because it is a creature of statute, the cause of action for wrongful death 'exists only so far and in favor of such person as the legislative power may declare.'" (*Justus* v. *Atchison* (1977) 19 Cal.3d 564, 575 [139 Cal.Rptr. 97, 565 P.2d 122] quoting *Pritchard* v. *Whitney Estate Co.* (1913) 164 Cal. 564, 568 [129 P. 989].) "[T]he obstacle to [plaintiff's action] for wrongful death is not a common law doctrine but an act of the Legislature which both created and limited the remedy," said the court in *Justus*. (*Id.* at p. 572.)

■ Meretricious spouses are not recognized as "heirs" under section 377, thus appellant does not qualify by statutory definition to bring this action. (*Harrod* v. *Pacific Southwest Airlines, Inc.* (1981) 118 Cal.App.3d 155 [173 Cal.Rptr. 68] (Supreme Court hg. den., July 29, 1981). Also see *Aspinall* v. *McDonnell Douglas Corp.* (9th Cir. 1980) 625 F.2d 325, 327; *Vogel* v. *Pan American World Airways, Inc.* (S.D. N.Y. 1978) 450 F.Supp. 224, 226, denying recovery to a meretricious spouse under California law.)

Reliance is placed by appellant on *Estate of Atherley* (1975) 44 Cal. App.3d 758 [119 Cal.Rptr. 41, 81 A.L.R.3d 97], wherein it was held that under the Family Law Act, a meretricious spouse has the same property rights to heirship as a putative spouse, where there was shown an actual family relationship, with cohabitation and mutual recognition and assumption of the usual rights and duties attending marriage. But *Atherley* is no longer persuasive in light of *Marvin* v. *Marvin* (1976) 18 Cal.3d 660, 665 [134 Cal.Rptr. 815, 557 P.2d 106] which held that the

[2]There is no factual dispute established by the appellant's deposition testimony presented by respondents below and her declaration in opposition to the motion.

provisions of the Family Law Act do not govern the distribution of property acquired during a nonmarital relationship.

*Marvin* held that meretricious spouses have the same rights to enforce contracts and to assert their equitable interests in property acquired through their effort as do other unmarried persons. (*Id.* at p. 684.) It did not enlarge the statutory definition of "heir" under the Probate Code or under section 377. The Legislature has manifested its intent, notwithstanding *Marvin*, not to expand the classification of persons entitled to recover to include meretricious spouses. Yet the Legislature in 1975 responded to *Steed* v. *Imperial Airlines* (1974) 12 Cal.3d 115 [115 Cal.Rptr. 329, 524 P.2d 801, 68 A.L.R.3d 1204], which denied standing in a wrongful death action to a stepchild, by amending section 377 to include this class. (West's Annotated Cal. Code of Civ. Proc. § 377.) ■ "It is assumed that the Legislature has in mind existing laws when it passes a statute. [Citations.] 'The failure of the Legislature to change the law in a particular respect when the subject is generally before it and changes in other respects are made is indicative of an intent to leave the law as it stands in the aspects not amended.' [Citations.]" (*Estate of McDill* (1975) 14 Cal.3d 831, 837-838 [122 Cal.Rptr. 754, 537 P.2d 874].)

"[T]he limitation on those who may bring the action [for wrongful death] is one which is imposed by the Legislature and, absent a constitutional basis for departure from a clear expression of legislative intent, we are bound thereby . . . ." (*Steed* v. *Imperial Airlines* (1974) 12 Cal. 3d 115, 120 [115 Cal.Rptr. 329, 524 P.2d 801, 68 A.L.R.3d 1204].) Appellant urges that there is a constitutional basis for departure. It is contended that to apply section 377 to bar her cause of action violates the due process and equal protection clauses of the California Constitution. It is claimed that there is an infringement of a fundamental right by the challenged classification of heirs in section 377 and that appellant is being barred by a suspect classification which bears no rational relationship to a legitimate state purpose.

This contention has been answered by *Harrod* v. *Pacific Southwest Airlines, Inc., supra,* 118 Cal.App.3d 155, 157-158, which denied recovery to a meretricious spouse under section 377 and found no equal protection violation. ■ "The Legislature may decide who is entitled to sue for wrongful death, and its determination must be upheld if it is rationally related to the legitimate state purpose of placing reasonable limits on the right to recover for wrongful death [citing *Justus* v. *Atchi-*

*son, supra*, 19 Cal.3d 564, 581-582 and *Steed* v. *Imperial Airlines, supra*, 12 Cal.3d 115, 123-124]. ■ The exclusion of a decedent's meretricious spouse from the class of persons entitled to sue for wrongful death is a reasonable limitation by the Legislature on a right it has created. The Legislature could reasonably conclude a relationship which the parties have chosen not to formalize by marriage lacks the necessary permanence to allow the survivor to recover damages for wrongful death—damages which look to the future and are intended to compensate for future loss. In addition, an action based on a meretricious relationship presents greater problems of proof and dangers of fraudulent claims than an action by a spouse or putative spouse. Finally, the exclusion of meretricious spouses is reasonably related to the state's legitimate interest in promoting marriage. [Citation.] Section 377 does not deny ... equal protection of the laws."

Regardless of whether all of the recited rationale is valid, we are not reluctant to follow *Harrod*. Appellant's constitutional argument is no better in the instant case than the stepson's in *Steed* who failed to persuade the Supreme Court that his exclusion from the class of "heirs" within section 377 violated equal protection guarantees. The Legislature saw fit to address that issue later.

Judgment is affirmed.

McClosky, Acting P. J., and Amerian, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 8, 1982.