[No. A030473. First Dist., Div. Three. Mar. 14, 1986.]

DOLORES VILLACAMPA, Plaintiff and Appellant, v.
THOMAS ELSON RUSSELL et al., Defendants and Respondents.

**COUNSEL**

Jack L. Burnam for Plaintiff and Appellant.

Joan V. Heidenreich and C. Donald McBride for Defendants and Respondents.

**OPINION**

**BARRY-DEAL, J.**—Appellant filed an action for wrongful death against respondents Thomas Russell and R. Flatland, Inc., for the death of her

former husband. The trial court determined as a matter of law that under Code of Civil Procedure section 377, appellant has no standing to bring a wrongful death action, and therefore there is no triable issue of fact. Appellant appeals the trial court's order granting summary judgment. We affirm.

Appellant and decedent were married in 1948 and had six children. Appellant has not been employed outside the home since 1968. In 1979 appellant filed a petition for dissolution of marriage, and an interlocutory judgment of dissolution was entered on February 20, 1980, which provided, inter alia, that decedent was ordered to pay appellant spousal support of $375 per month, to continue until decedent's death or remarriage, and that appellant receive one-half of decedent's pension fund. A final judgment of dissolution was entered on July 22, 1981.

On June 16, 1983, decedent was hit and killed by a truck driven by respondent Russell and owned by respondent R. Flatland, Inc. At the time of decedent's death, appellant was receiving $430 per month as her share of the pension, in addition to spousal support.

In her appeal from summary judgment, appellant contends that Code of Civil Procedure section 377 does not preclude a wrongful death action by a former spouse, and if it is construed to deny a cause of action to former spouses, that section violates equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution. Appellant also claims that respondents failed to comply with procedural requirements applicable to a motion for summary judgment.

*Discussion*

■ Code of Civil Procedure section 377, subdivision (a), provides that a cause of action for wrongful death may be maintained by the decedent's heirs or personal representatives on their behalf. Subdivision (b) of the statute defines heirs as (1) persons entitled to receive property of the decedent under the provisions of the Probate Code controlling intestate succession, and (2) if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, and parents, and (3) minors if at the time of the decedent's death they had resided for the previous 180 days in the decedent's household and were dependent upon the decedent for one-half or more of their support.

Appellant is not included in any of these categories; a former spouse is not an heir under the Probate Code, nor is appellant a putative spouse or a minor. "It is well settled that the right to bring an action for the wrongful

death of a human being is limited to the persons described in Code of Civil Procedure section 377. [Citations.]" (*Steed* v. *Imperial Airlines* (1974) 12 Cal.3d 115, 119 [115 Cal.Rptr. 329, 524 P.2d 801, 68 A.L.R.3d 1204].)

■ Appellant urges, however, that Code of Civil Procedure section 377 be liberally construed to avoid the harsh consequences of denying former spouses a right of action for wrongful death. She notes the recent legislative amendments to section 377 which expanded the class of parties entitled to sue and contends that she is in a similar position to these parties and therefore should be so entitled.

The 1975 amendments added the putative spouse, children of the putative spouse, stepchildren, and parents to the class of persons who may sue for wrongful death if they were dependent on the decedent. The Legislature added stepchildren to this class to avoid the harsh result in *Steed* v. *Imperial Airlines, supra,* 12 Cal.3d 115, in which a dependent stepdaughter, who lived with the decedent and believed that he was in fact her father, was denied a right of action for wrongful death because the statute limited the cause of action to heirs. (Stats. 1975, ch. 334, § 2, p. 784.)

The inclusion of other parties by amendments in recent years shows that the Legislature was aware of the limitations imposed by Code of Civil Procedure section 377 and sought to expand the right of action to certain specified classes of persons. "'. . . "The failure of the Legislature to change the law in a particular respect when the subject is generally before it and changes in other respects are made is indicative of an intent to leave the law as it stands in the aspects not amended." [Citations.]' [Citations.]" (*Garcia* v. *Douglas Aircraft Co.* (1982) 133 Cal.App.3d 890, 894 [184 Cal.Rptr. 390].)

Moreover, this court is bound to follow the law declared by courts of superior jurisdiction. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) In *Steed* v. *Imperial Airlines, supra,* 12 Cal.3d at page 119, the California Supreme Court narrowly interpreted the definition of heirs in Code of Civil Procedure section 377 to those who would have been eligible to inherit from decedent's estate had he died intestate. The Legislature has not expanded the definition of heirs since the 1975 amendment defining heirs as those who would inherit under provisions of the Probate Code controlling intestate succession. Thus we are limited to a narrow interpretation of section 377 which does not include former spouses.

■ Appellant next contends that if Code of Civil Procedure section 377 denies a right of action for wrongful death to former spouses, the statute violates equal protection of the law.

The right of action for wrongful death is wholly statutory in origin. (*Steed v. Imperial Airlines, supra,* 12 Cal.3d at pp. 119-120.) "[T]he limitation on those who may bring the action is one which is imposed by the Legislature and, absent a constitutional basis for departure from a clear expression of legislative intent, we are bound thereby." (*Id.,* at p. 120.)

Appellant suggests a constitutional basis for departure, asserting that exclusion of former spouses denies her equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution. In *Harrod v. Pacific Southwest Airlines* (1981) 118 Cal.App.3d 155 [173 Cal.Rptr. 68], the court found no equal protection violation in denying recovery under Code of Civil Procedure section 377 to a meretricious spouse engaged to marry the decedent. "The Legislature may decide who is entitled to sue for wrongful death, and its determination must be upheld if it is rationally related to the legitimate state purpose of placing reasonable limits on the right to recover for wrongful death [citations]." (*Harrod, supra,* at pp. 157-158.)

"The Legislature could reasonably conclude a relationship which the parties have chosen not to formalize by marriage lacks the necessary permanence to allow the survivor to recover damages for wrongful death—damages which look to the future and are intended to compensate for future loss." (*Harrod, supra,* at p. 158.) This rationale for denying a right of recovery to a meretricious spouse applies even more strongly to a former spouse. Appellant and decedent formally *ended* their marriage; the final judgment of dissolution was entered nearly two years before decedent's death.

Damages intended to compensate a former spouse for future loss would similarly be based on an impermanent relationship. Appellant's interlocutory judgment of dissolution specified that her spousal support payments were to terminate on the death or remarriage of her former husband, the decedent. It is impossible to determine when his death by natural causes or remarriage might have occurred. Thus, the amount of future support appellant would have received is uncertain, and her exclusion from those entitled to sue for wrongful death is a reasonable limitation by the Legislature, which this court is bound to follow.

■ Appellant's final argument is that the motion for summary judgment was improperly granted, because respondents failed to comply with certain procedural requirements. She asserts that respondents, in their motion for summary judgment, failed to comply with procedural requirements of Code of Civil Procedure section 1008 and the Rules for the Superior Court of San Francisco County, Manual for the Conduct of Proceedings Relating to Law and Motion Matters, appendix A. Appellant raised this issue at both hear-

ings on the motions for summary judgment and in her memorandum of points and authorities in opposition to respondents' motion for summary judgment, thereby preserving it for appeal.

Code of Civil Procedure section 1008 provides that a party moving for reconsideration of a prior order must provide the court with certain information about the prior order, and that an order on reconsideration made in violation of these requirements may be revoked. Respondents' first motion for summary judgment was denied on procedural grounds without prejudice to renewal of the motion. Respondents' second motion for summary judgment, at issue here, was not a motion for reconsideration subject to the requirements of section 1008. It is a new summary judgment motion meeting the procedural requirements of Code of Civil Procedure section 437c.

At both hearings on the motions for summary judgment, appellant objected that respondents failed to comply with the applicable rules of court in that the notice of motion failed to include a preamble. The court, however, made no finding of a failure to comply.

Appendix A of the Manual for the Conduct of Proceedings Relating to Law and Motion Matters, Rules for the Superior Court of San Francisco County, is entitled, "Suggested Form and Content of a Motion for Summary Judgment." Because the form is merely suggested, failure to comply cannot be a ground to reverse the trial court's granting of summary judgment. "The rules of the trial court are for it to construe and apply. Except where a deviation from such a rule operates to deny a litigant a full and fair hearing, an appellate court is bound by the trial court's construction of its own rule." (*McConnell* v. *All-Coverage Ins. Exch.* (1964) 229 Cal.App.2d 735, 748-749 [40 Cal.Rptr. 587].)

The judgment is affirmed.

Scott, Acting P. J., and Merrill, J., concurred.