[S.F. No. 23150. In Bank. Oct. 21, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE CENTRAL JUDICIAL
DISTRICT OF MARIN COUNTY, Defendant and Respondent;
HERBERT AHNEMANN et al., Real Parties in Interest and Respondents.

**COUNSEL**

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Derald E. Granberg and Charles R. B. Kirk, Deputy Attorneys General, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Harold J. Truett, Public Defender, Larry L. Heon, Deputy Public Defender and Michael B. Dufficy for Real Parties in Interest and Respondents.

OPINION

**SULLIVAN, J.**—The People appeal from a judgment of dismissal[1] entered by the superior court upon an order sustaining without leave to amend the general demurrer of real parties in interest Herbert Ahnemann and others to the People's petition for writs of mandate and prohibition.

On various dates in 1970 and 1971 complaints were filed in respondent municipal court separately charging each of the real parties in interest (hereafter defendants) with driving under the influence of intoxicating liquor. (Veh. Code, § 23102, subd. (a).) Defendants moved[2] for an order requiring the production of the test ampoules used in each breathalyzer test submitted to by each of them respectively, or, if the ampoules were not produced, suppressing the results of the test. At the hearing on the motion the People stipulated that the test ampoules had not been· preserved and therefore could not be produced. After receiving expert testimony as to the potential value to defendants of test ampoules, assuming their existence and availability, the court concluded that there was a reasonable *possibility* but not a reasonable *probability* that the ampoules and their contents would be of value. Accordingly the municipal court ordered that in each case the defendant was entitled to the production of the test ampoules and their contents and that upon failure of the People to produce them, all evidence with respect to the breathalyzer test should be excluded.

The People then filed in the superior court, their petition seeking a writ of mandate or in the alternative a writ of prohibition directing the municipal court to vacate its order and restraining further proceedings. The petition was dismissed without prejudice for failure to state a cause of action. Thereafter, the People filed the instant petition for writs of mandate and prohibition and the court issued alternative writs. Defendants filed a general demurrer which was sustained without leave to amend. The petition was dismissed. This appeal followed.

■ ■ It is well settled that neither a writ of prohibition nor a writ of mandate will lie to resolve an issue as to the admissibility of evidence. (*People* v. *Superior Court* (*Smith*) (1969) 70 Cal.2d 123, 129-130 [74 Cal.Rptr. 294, 449 P.2d 230]; *Ballard* v. *Superior Court* (1966) 64 Cal.2d 159, 164 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416]; *Van*

---

[1] The court entered an order of dismissal (Code Civ. Proc., § 581, subd. 3) which constitutes a judgment. (Code Civ. Proc., § 581d.)

[2] All of the actions—47 in number—were ordered consolidated for the purpose of the motion.

*Halen* v. *Municipal Court* (1969) 3 Cal.App.3d 233, 238-239 [83 Cal. Rptr. 140]; *People* v. *Superior Court* (1955) 137 Cal.App.2d 194, 195 [289 P.2d 813].) However, it is also settled that pretrial discovery orders in criminal cases may, in certain instances, be reviewed by prohibition or mandate. (*Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797, 801 [91 Cal.Rptr. 594, 478 P.2d 26]; *Prudhomme* v. *Superior Court* (1970) 2 Cal.3d 320, 322 [85 Cal.Rptr. 129, 466 P.2d 673]; *Ballard* v. *Superior Court, supra,* 64 Cal.2d 159, 167-168.)

 Defendant's motion in the municipal court to compel production of the test ampoules or if they were not produced, to suppress results of the breathalyzer tests raised solely a question of admissibility of evidence once the People stipulated that the ampoules had been destroyed and could not be produced. From that point the municipal court was concerned solely with the question whether the People's inability to produce the ampoules required suppression of the results of the tests. As previously stated the court ordered that all evidence of the tests be excluded.[3] The People's contention that this order was merely a discovery order requiring them to produce the ampoules and their contents completely overlooks the fact that the court specifically recognized that the ampoules had been destroyed. It is clear to us that contrary to the People's claim, the court was not ordering the performance of an impossible act particularly in the light of its language that " the defendant *is entitled* to the production" (italics added) but that it was actually ordering the exclusion of the results of the breathalyzer tests as inadmissible evidence. Since as stated above, neither a writ of prohibition nor a writ of mandate will lie to review the municipal court's ruling on the admissibility of such evidence, the superior court properly dismissed the People's petition. We, therefore, affirm the judgment.

Although the municipal court's ruling on the evidence is therefore not presently subject to review by the superior court or by this court, nevertheless, since none of the criminal actions were dismissed, we make the following observations for the guidance of the municipal court. In *People* v. *Hitch, ante,* p. 641 [117 Cal.Rptr. 9, 527 P.2d 361], filed this day, we confronted the identical issue of the intentional but nonmalicious destruction by the authorities of the test and reference ampoules, together with their contents, used in the defendant's chemical test of breath upon an arrest

---

[3]The municipal court filed a memorandum opinion in which after making findings of fact, the court stated: "Wherefore, it is ordered that in each case the defendant is entitled to the production of the test ampoules and their contents that were used to administer the breathalyzer test to him and on failure of People so to do, all evidence with respect to the breathalyzer test shall be excluded and shall not be admitted into evidence at the time of trial."

for driving under the influence of intoxicating liquor. In *Hitch* we hold (1) that these items constitute material evidence on the issue of guilt or innocence of the charge of driving a vehicle under the influence of intoxicating liquor; (2) that due process requires such evidence to be disclosed by the prosecution; (3) that since the prosecution has the duty to disclose such material evidence, the investigative agency involved in the test has the duty to preserve it for disclosure; (4) that if such evidence cannot be disclosed because of its intentional but nonmalicious destruction by the investigative officials, sanctions shall *in the future* be imposed for such non-preservation and nondisclosure unless the conditions specified in our opinion in *Hitch* are satisfied; (5) that if such conditions are not met, the trial court shall apply sanctions for nondisclosure which under due process would not require dismissal of the action but merely exclusion from evidence of the *results* of the breathalyzer test; and (6) that our holding in *Hitch* shall apply only to chemical tests of breath administered after the date of filing of that opinion.

We do not at this posture of the cases pass upon the trial court's ruling excluding certain evidence. Nor do we intimate any views as to the sufficiency of the evidence to support the court's findings in respect to the breathalyzer test. But we are conscious of the fact that the criminal actions have not yet been tried and that the court may desire to reconsider in the light of *Hitch* its ruling excluding evidence as to the breathalyzer tests particularly since in the event of a conviction of a defendant, the superior court on any appeal will of course be bound by our holding in *Hitch*.

The judgment is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Burke, J., and Molinari, J.,* concurred.

**MOSK, J.**—I concur in the judgment.

---

*Assigned by the Chairman of the Judicial Council.