[Civ. No. 56047. Second Dist., Div. Four. Oct. 2, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY,
Defendent and Respondent;
CHARLES MARANDOLA, Real Party in Interest and Respondent.

**COUNSEL**

Burt Pines, City Attorney, Richard M. Helgeson and Ward G. McConnell, Assistant City Attorneys, Rand Schrader and Maureen R. Siegel, Deputy City Attorneys, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Abelson, Harris & Brunon and Bradley Wm. Brunon for Real Party in Interest and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—The People appeal from a judgment denying their petition for a writ of mandate to overturn two orders of respondent municipal court in a criminal proceeding. We affirm the judgment.

The real party in interest was charged, in 15 counts, with the possession of obscene films, in violation of section 311.2 of the Penal Code. Of those counts, counts I through VII allege possession on May 20, 1977, and counts VIII through XV allege possession on May 19, 1977. The record shows that each group of films was delivered to undercover officers on those two different days.

On motion of real party in interest, the municipal court ordered what the briefs refer to as a "consolidation" of counts, grouping counts I through VII as "Count I" and counts VIII through XV as "Count II." The proceeding here attacks that action; we sustain it.

Real party in interest offered to stipulate both to the obscene character of the fifteen films and to his knowledge of that character, representing that he intended to rely only on a defense of entrapment in connection with the two deliveries. The municipal court accepted that offer and, by a pretrial order, directed that the films not be shown to the jury in the forthcoming trial. The proceeding here seeks to overturn that order. The trial court denied the attack on the ground that that ruling could not be attacked, by the People, by an extraordinary writ; we agree with that ruling.

I

We consider first, two procedural issues raised as to the present appeal:

(1) Real party in interest contends that, since the order is not listed in Penal Code section 1466, the People cannot attack it here. However, that section, like section 1238, applies only to direct appeals in criminal

cases. ■ A petition for a writ of mandate or prohibition is a civil action, the judgment in which is appealable to this court under section 904.1 of the Code of Civil Procedure. (*Gilbert* v. *Municipal Court* (1977) 73 Cal.App.3d 723 [140 Cal.Rptr. 897]; *Burrus* v. *Municipal Court* (1973) 36 Cal.App.3d 233 [111 Cal.Rptr. 539].) Although both those decisions question with vigor the wisdom of that rule, the Legislature has failed to revise it and the holdings in them are the law of California at this date.

(2) Real party in interest also contends that, because the People, in 2 Civ. 54848, sought, by an original petition in this court, to attack the orders herein involved, and that petition was summarily denied on November 24, 1978, the issue is res judicata. ■ However, the summary denial, without opinion, of a petition for a writ is not res judicata. (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 146, pp. 3917-3918.) We turn, therefore, to the merits of the appeal.

## II

■ Although the law on the issue involving the consolidation matter is not entirely clear, we conclude that this appeal is governed by *People* v. *Bowie* (1977) 72 Cal.App.3d 143 [140 Cal.Rptr. 49]. In that case, defendant was charged in 11 counts of possession of 11 separate blank checks with intent to defraud. He moved to consolidate those 11 counts into 1 count, on the ground that there was but a single possession of the entire group. The trial court denied that motion. The appellate court held that the motion should have been granted and therefore reversed the conviction on the last 10 counts. That case is controlling in the case at bench. Here, also, the real party in interest had a single possession of seven films on May 20th and of eight films on May 19th. He can legitimately be charged with only two possessions. The order of consolidation was correct.

## III

■ The trial court denied the People's petition as to the order prohibiting the showing of the films to the jury on the ground that it was an order on the admissibilty of evidence, not reviewable by extraordinary writ, citing *People* v. *Municipal Court (Ahnemann)* (1974) 12 Cal.3d 658 [117 Cal.Rptr. 20, 527 P.2d 372]; and *People* v. *Superior Court (Smith)* (1969) 70 Cal.2d 123 [74 Cal.Rptr. 294, 449 P.2d 230]. We agree with that ruling.

In the case before us, the trial court based its order squarely on section 352 of the Evidence Code, ruling that, where only the defense of entrapment was to be relied on, the introduction of 15 admittedly obscene films would unnecessarily prejudice the jury on the entrapment issue. In the cases relied on by the People, defense objections to the introduction of evidence—for example the narcotic character of an exhibit—had been overruled and that ruling was sustained on appeal, they were not the cases where a defense objection had been sustained. To permit a review of this interlocutory ruling in this fashion permits the People, by the side door, to secure an appellate review of a ruling which the Legislature had not seen fit to allow them to attack directly. (*People* v. *Superior Court (Stanley)* (1979) 24 Cal.3d 622 [156 Cal.Rptr. 626, 596 P.2d 691].)

The judgment is affirmed.

Alarcon, J., concurred.

**JEFFERSON (Bernard), J.**—I agree with the majority opinion both in its result and in its reasoning. Nevertheless, I feel impelled to express my views with respect to the issue of whether the trial court was correct in its order precluding the prosecution from introducing evidence regarding the obscene character of the fifteen films and real party in interest's knowledge of that obscene character after real party in interest had offered to stipulate to the existence of those two elements of the crimes charged.

Were we to consider the matter on the merits, it is my view that the trial court's ruling was correct. Although the trial court based its ruling on Evidence Code section 352, I consider the ruling to be correct, but on another ground. In my view, Evidence Code section 352 is inapplicable to the issue presented. The trial court's ruling should have been placed on the ground that defendant's offer to stipulate to the existence of the two elements of the offense removed these two issues from the case and made any evidence sought to be introduced on these issues inadmissible as irrelevant.

Evidence Code section 350 provides that no evidence except relevant evidence is admissible in an action. Under Evidence Code section 350, the trial judge has no discretion to admit irrelevant evidence. If evidence is irrelevant, it *must* be excluded by the trial court. Under Evidence Code

section 210, "relevant evidence" is limited to evidence that has any tendency in reason to prove or disprove a *"disputed* fact that is of consequence to the determination of the action." (Italics added.) Thus, the prosecution has neither a right nor a discretion to introduce *irrelevant* evidence even though it might appear that such evidence is needed to insure a defendant's conviction.

The People's argument that the trial court is without jurisdiction to permit a criminal defendant to render evidence irrelevant by admitting the existence of some element of the crime charged lacks support in logic, experience or sound principles of statutory interpretation. Cases such as *People* v. *Faulkner* (1972) 28 Cal.App.3d 384 [104 Cal.Rptr. 625] and *People* v. *Morrison* (1977) 67 Cal.App.3d 425 [136 Cal.Rptr. 650], which agree with the People's position, are simply decided incorrectly. Their holdings are plainly untenable and indefensible.

The better reasoned cases to the contrary are *People* v. *Sherren* (1979) 89 Cal.App.3d 752 [152 Cal.Rptr. 828]; *Krouse* v. *Graham* (1977) 19 Cal.3d 59 [137 Cal.Rptr. 863, 562 P.2d 1022]; *People* v. *Robles* (1970) 2 Cal.3d 205 [85 Cal.Rptr. 166, 466 P.2d 710]; *People* v. *Gonzales* (1968) 262 Cal.App.2d 286 [68 Cal.Rptr. 578]; and *People* v. *Gallinger* (1963) 212 Cal.App.2d 851 [28 Cal.Rptr. 472].

In *Krouse* v. *Graham, supra,* the California Supreme Court conceded the principle that evidence is *not* admissible if it tends to prove an issue that is admitted, citing *Fuentes* v. *Tucker* (1947) 31 Cal.2d 1 [187 P.2d 752]. Unfortunately, however, the *Krouse* court, speaking in 1977—10 years after the effective date of the Evidence Code—did not cite Evidence Code sections 350 and 210, the statutory sections which should have been cited as authority for its correct view of the law.

Neither *Faulkner* nor *Morrison* discusses the effect of Evidence Code sections 350 and 210 on the problem of evidentiary admissibility presented when a defendant concedes the existence of some element of the offense charged against him. This is also true of *Sherren, Gonzales,* and *Robles* which—contrary to *Faulkner* and *Morrison*—reach the correct result without mentioning the relevant Evidence Code sections—sections 350 and 210. Clearly, any further discussion in the decisional law regarding the admissibility of evidence on a *nondisputed* issue—made so by a defendant's concession of the existence of a fact sought to be proved—must take into account Evidence Code section 350 which provides that "[n]o evidence is admissible except relevant evidence," and

Evidence Code section 210 which limits the concept of "relevant evidence" to evidence that tends to prove or disprove a *"disputed* fact that is of consequence to the determination of the action." (Italics added.)

I fail to see any constitutional or statutory basis for a holding that Evidence Code sections 350 and 210 do *not* preclude the prosecution from introducing evidence to prove a *nondisputed* fact—evidence made irrelevant and inadmissible by reason of a defendant's admission or concession of the existence of some fact necessary to a determination of the action. Once such admission or concession is made by a defendant (or any party in any action), the *fact* ceases to be a *disputed* fact which is required for evidence—sought to be introduced to prove the existence of such fact—to be considered relevant and admissible by reason of Evidence Code sections 350 and 210.

A petition for a rehearing was denied October 31, 1979, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied December 4, 1979. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.