[No. A031014. First Dist., Div. Three. Dec. 13, 1985.]

WILLIAM K. MAAS, JR., et al., Plaintiffs and Respondents, v.
THE MUNICIPAL COURT FOR THE SOUTHERN JUDICIAL
DISTRICT OF SAN MATEO COUNTY, Defendant and Respondent;
ANTHONY JOHN SULLY, Real Party in Interest and Appellant.

602

COUNSEL

Douglas J. Gray, Geoffrey T. Carr and Rockhill & Schaiman for Real Party in Interest and Appellant.

William K. Maas, Jr., in pro. per., Garry, Dreyfus & McTernan, and Charles R. Garry for Plaintiffs and Respondents.

No appearance for Defendant and Respondent.

OPINION

**SCOTT, J.**—This is an appeal by real party in interest Anthony Sully from a judgment of the superior court granting a petition for writ of mandate

directing the municipal court (acting as magistrate in a preliminary hearing) to grant respondents' motion to quash subpoenas and subpoenas duces tecum. Appellant contends: (1) the court had no jurisdiction to consider the petition; (2) the court erred in denying him an opportunity to file an answer to the petition after it overruled his demurrer; and (3) the court erred in concluding that a witness at appellant's preliminary hearing did not waive her attorney-client privilege when she entered into a plea bargain with the People. We affirm the judgment.

I

Appellant Sully was charged with murder in a complaint filed in municipal court.[1] Trina Livingston was a witness for the People at the preliminary examination held in municipal court. Livingston, also known as Bertha Marie Curtit, had also been charged with the murder. She had entered into a plea bargain with the People in which she agreed to plead nolo contendere to being an accessory to murder and to cooperate fully in the investigation and prosecution of offenses involving appellant, among others. In exchange, the murder charge against her was dismissed, and she was granted immunity from prosecution for certain other offenses. According to the written agreement between Livingston and the People, "cooperation" included "providing truthful and complete statements concerning the actions and criminal offenses of the persons specified above; providing truthful and complete statements concerning the actions and involvement of Bertha Marie Curtit; submitting to a polygraph examination and providing truthful answers to questions presented during the examination; remaining available for law enforcement agencies during the investigation and prosecution of the persons specified above; and *testifying truthfully and completely in all criminal proceedings involving the persons specified above*." (Italics added.) In all the proceedings against her, Livingston was represented by Attorneys William Maas, Joseph Morehead, and Michael Hallinan, respondents in this appeal.

During appellant's preliminary hearing, subpoenas and subpoenas duces tecum were issued by defense counsel requiring respondents to appear and produce documents and records pertaining to Livingston. Respondents moved to quash, asserting Livingston's attorney-client privilege. The magistrate denied the motion and ordered each respondent to produce the documents set forth in the subpoenas duces tecum and to be personally present during further proceedings for the purpose of testifying in the action. The

---

[1] As the only reporter's transcript in the record is of the hearing on the demurrer, our statement of the case has been gleaned from the petition for writ of mandate, the demurrer to the petition, and the accompanying memoranda, all of which appear in the clerk's transcript.

magistrate reasoned that Livingston waived her attorney-client privilege by the execution of the immunity agreement.

Respondents petitioned for writ of mandate in the superior court, seeking to have the magistrate's order set aside. The court issued an alternative writ. Appellant filed a demurrer. After a hearing, the court overruled the demurrer, denied appellant's request for permission to file an answer, and ordered issuance of a peremptory writ of mandate commanding the magistrate to vacate its order and to grant the motions to quash. This appeal followed.

## II

First, appellant contends that the magistrate's ruling was on the admissibility of evidence, and that the superior court had no jurisdiction to consider the petition for mandate. We disagree.

It is true that generally neither a writ of prohibition nor a writ of mandate will lie to resolve an issue as to the admissibility of evidence. (*People* v. *Municipal Court (Ahnemann)* (1974) 12 Cal.3d 658, 660 [117 Cal.Rptr. 20, 527 P.2d 372].) However, pretrial discovery orders challenged by the assertion of a privilege such as that between attorney and client may be reviewed by prohibition or mandate. (*Glade* v. *Superior Court* (1978) 76 Cal.App.3d 738, 742 [143 Cal.Rptr. 119]; see *Ahnemann, supra,* at p. 661.)

While not without ambiguity, the magistrate's order in this case can fairly be characterized as a discovery order rather than an order relating to the admissibility of evidence. The order did state that the documents and materials subpoenaed were admissible in the preliminary hearing, but it then added the following qualifier: ". . . to the extent such evidence is relevant and not inadmissible for reasons other than the existence of the attorney-client privilege." The practical impact of the order was to compel disclosure of the documents rather than to determine absolutely their admissibility.

## III

Next, appellant contends that the court abused its discretion in denying his motion to be permitted to file an answer to the petition. The argument is unpersuasive. The trial court had discretion to grant or deny leave to answer after return by demurrer alone. (*Rhyne* v. *Municipal Court* (1980) 113 Cal.App.3d 807, 816-819 [170 Cal.Rptr. 312].) Appellant does not argue that the court's ruling foreclosed him from presenting any defenses, meritorious or otherwise; he shows no prejudice arising from denial of the request to file an answer. He has not established any abuse of discretion.

## IV

The principal issue raised by appellant is whether witness Livingston waived her attorney-client privilege when she entered into the written immunity agreement. Appellant concedes, as he must, that the mere fact that Livingston was granted immunity did not result in the waiver of the privilege. (*People* v. *Flores* (1977) 71 Cal.App.3d 559, 564-565 [139 Cal.Rptr. 546].) He argues instead that when appellant expressly agreed to testify "completely" in exchange for immunity, she thereby agreed to testify without invoking her attorney-client privilege.

■ The attorney-client privilege permits a client to refuse to disclose, and to prevent others from disclosing, confidential communications between client and attorney. (Evid. Code, § 950 et seq.) "Clearly, the fundamental purpose behind the privilege is to safeguard the confidential relationship between clients and their attorneys so as to promote full and open discussion of the facts and tactics surrounding individual legal matters. [Citation.]" (*Mitchell* v. *Superior Court* (1984) 37 Cal.3d 591, 599 [208 Cal.Rptr. 886, 691 P.2d 642].) The Legislature has determined that the importance of preserving confidentiality in the attorney-client relationship outweighs any concerns raised by the possibility that the exercise of the privilege may occasionally result in the suppression of relevant evidence. (*Ibid.*)

■ Waiver of the attorney-client privilege and of other statutory privileges occurs with respect to a protected communication if the holder of the privilege "has disclosed a significant part of the communication . . . ." (Evid. Code, § 912.) However, a client does not waive the privilege by testifying about facts which might have been discussed in confidential conversations with his or her lawyer, as such testimony is not equivalent to disclosure of the actual content of those attorney-client conversations. (*Littlefield* v. *Superior Court* (1982) 136 Cal.App.3d 477, 483 [186 Cal.Rptr. 368].)

Waiver may also occur when the holder of the privilege has consented to disclosure by anyone of a significant part of the protected communication. (Evid. Code, § 912.) ■ Consent to disclosure may be made in advance by contract. (Witkin, Cal. Evidence (2d ed. 1966) § 784, p. 730.) In *Roberts* v. *Superior Court* (1973) 9 Cal.3d 330 [107 Cal.Rptr. 309, 508 P.2d 309], for example, the Supreme Court considered a claim that a patient waived her psychotherapist-patient privilege by signing a form consent presented to her by an insurance company. Emphasizing that the waiver of a privilege must be a voluntary and knowing act, done with sufficient awareness of the relevant circumstances and likely consequences, the court strictly construed the form consent to encompass only that which clearly appeared

on its face. (*Id.*, at pp. 342-343.) In other words, consent to disclosure must be unambiguously manifested. (See *Glade* v. *Superior Court, supra,* 76 Cal.App.3d at p. 744.)

Appellant's waiver argument seems to be a novel variation on the principle that a holder of a privilege can waiver that privilege by contract. While a written immunity agreement might include an unambiguous waiver of the attorney-client privilege among its terms, clearly the agreement at issue in this case did not. The agreement states that Livingston will provide "truthful and complete statements concerning the actions and criminal offenses" of certain specified persons, including appellant, and "truthful and complete statements" concerning her own "actions and involvement"; it also provides that she will testify "truthfully and completely in all criminal proceedings involving the persons specified above." Read in its entirety, the plain language of the agreement requires Livingston to testify truthfully and completely about the actions and criminal offenses of the named persons, and about her own involvement in those offenses. It does not mention her own confidential communications with her attorneys and does not require her to provide statements or testify about those communications. Nor does it authorize disclosure of those communications by anyone else. In short, the trial court properly concluded that Livingston did not waive her attorney-client privilege when she entered into the immunity agreement.

Judgment is affirmed.

White, P. J., and Barry-Deal, J., concurred.