[No. B009219. Second Dist., Div. Seven. Jan. 17, 1989.]

DOLORES MATUZ, Plaintiff and Appellant, v.
GERARDIN CORPORATION et al, Defendants and Respondents.

COUNSEL

Belgum, Wulfsberg, Belgum & Weber and Lee Belgum for Plaintiff and Appellant.

Lord, Bissell & Brook, Terry W. Backus and Caroline B. Newcombe for Defendants and Respondents.

OPINION

**LILLIE, P. J.**—Plaintiff, Dolores Matuz, appeals from judgment dismissing her cause of action for loss of consortium entered after the granting of motion for judgment on the pleadings.

### FACTUAL AND PROCEDURAL BACKGROUND

The first through the sixth causes of action of the complaint sought damages on several theories for personal injuries sustained by plaintiff when a Seneca model airplane in which she was a passenger crashed January 3,

1983, at Catalina Airport on Catalina Island.[1] The seventh cause of action, labeled "loss of consortium," alleged: For up to five years prior to January 3, 1983, plaintiff and James Gibbon had a "stable and significant relationship with each other" and a mutual understanding and agreement to cohabit and eventually marry. Plaintiff and Gibbon maintained exclusive sexual relations with each other; they had a "family type" relationship in that they maintained only one residence at which they lived together and gave the appearance of a marriage relationship. There was a "high degree of economic cooperation and entanglement" between plaintiff and Gibbon. On January 3, 1983, Gibbon was a passenger with plaintiff on the Seneca model airplane. As a result of the crash Gibbon died. Plaintiff witnessed Gibbon's injury and death and thereby has been damaged. Further, plaintiff has been permanently deprived of the consortium of Gibbon, and of his society, comfort, protection, services and support.

Defendants The Gerardin Corporation and George Twidwell demurred generally to the second and seventh causes of action, arguing that the latter cause of action actually is one for wrongful death and therefore does not lie inasmuch as plaintiff is not decedent Gibbon's heir as defined in Code of Civil Procedure section 377. The demurrer was overruled. Defendants petitioned this court for a writ of mandate to compel the trial court to vacate its order overruling the demurrer to the seventh cause of action and enter a new and different order sustaining the demurrer to that cause of action. (The Gerardin Corporation, et al. v. Superior Court (Matuz), No. B005364, Div. 1.) The petition was summarily denied, without opinion, "for absence of facts showing petitioner [*sic*] is entitled to extraordinary relief."

Defendants answered the complaint and thereafter moved for judgment on the pleadings as to the seventh cause of action on the same ground urged in their demurrer, viz.: While the seventh cause of action ostensibly seeks damages for loss of consortium, it is in reality a cause of action for wrongful death which cannot be maintained because plaintiff is not an heir of Gibbon within the meaning of the wrongful death statute (Code Civ. Proc., § 377). ■■■■ The trial court granted the motion stating, "I have had a change of heart on this case."[2]

---

[1] Among the defendants were the owner, the lessor and the manufacturer of the airplane, the estate of the deceased pilot, the State of California and the County of Los Angeles. At plaintiff's request the first through the sixth causes of action were dismissed with prejudice as to some of the defendants including respondents herein, The Gerardin Corporation and George Twidwell.

[2] The summary denial, without opinion, of defendants' petition for writ of mandate was not a ruling on the merits of the demurrer and hence was not res judicata of the merits in a subsequent proceeding. (See *People* v. *Municipal Court (Marandola)* (1979) 97 Cal.App.3d 444, 447 [158 Cal.Rptr. 739]; 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 166, pp. 801-802.) The trial court was free to grant the motion for judgment on the pleadings

Plaintiff appeals from the ensuing judgment dismissing the seventh cause of action.[3] She also moves to strike portions of respondents' brief.

## DISCUSSION

### I

Appellant's opening brief includes the following argument: "The true issue becomes whether Respondents can use the statutory wrongful death act, which was intended to broaden a tort-feasor's liability, to instead reduce that liability to zero. Such a result cannot be permitted." In reply to that argument respondents in their brief state: "On October 16, 1985 *as consideration for a settlement offer made by defendants* and respondents herein plaintiff voluntarily dismissed her personal injury claims against respondents [citation] *including her claim for emotional distress.* [¶] The voluntary dismissal of six of plaintiff's seven causes of action is brought to the court's attention *to demonstrate the falsity of plaintiff's contention that if she does not prevail in this appeal that [sic] the court would 'reduce (a tortfeasor's) liability to zero.'*" (Italics added.) Appellant moves to strike the underscored language from respondents' brief on the grounds it refers to matters which are irrelevant and are not supported by the record on appeal, is misleading, and constitutes an attempt by respondents "to defeat a further and separate claim for the loss of consortium of James Henry Gibbon."

The methods of control over the form and content of briefs are stated in rule 18, California Rules of Court: "When a brief fails to comply with the requirements of these rules the reviewing court, on application of any party, or on its own motion, and with or without notice as it may determine, may: (1) order the brief to be returned to counsel for correction by interlineation, cancellation, revision or replacement in whole or in part, and to be redeposited with the clerk within a time specified in the order; (2) order the brief stricken from the files, with leave to file a new brief within a specified time; or (3) disregard defects and consider the brief as if it were properly prepared."

The defects in respondents' brief noted by appellant do not warrant striking portions of the brief. ■ Thus, an appellate court is required to

based on the ground asserted in defendants' earlier, unsuccessful general demurrer. (See *Ion Equipment Corp.* v. *Nelson* (1980) 110 Cal.App.3d 868, 877 [168 Cal.Rptr. 361].)

[3] While the action apparently is not terminated as to all of the defendants (see fn. 1), the judgment leaves no issue to be determined as between plaintiff and defendants The Gerardin Corporation and George Twidwell. Accordingly, it operates as a final judgment for purposes of appeal. (See *Buckaloo* v. *Johnson* (1975) 14 Cal.3d 815, 821, fn. 3 [122 Cal.Rptr. 745, 537 P.2d 865].)

ignore matters mentioned in a brief which are not presented by the record on appeal (see *In re Hochberg* (1970) 2 Cal.3d 870, 875 [87 Cal.Rptr. 681, 471 P.2d 1]); and irrelevant matters in a brief have no persuasive weight in determining an appeal. (*Estate of Green* (1955) 133 Cal.App.2d 451, 452 [284 P.2d 202].) Accordingly, as authorized by rule 18, we disregard such matters in respondents' brief and deny the motion to strike.

## II

Citing *Butcher* v. *Superior Court* (1983) 139 Cal.App.3d 58 [188 Cal.Rptr. 503, 40 A.L.R.4th 539], appellant argues that although she and decedent Gibbon admittedly were not married, the seventh cause of action of the complaint states a cause of action for appellant's loss of consortium by the death of Gibbon[4] because it alleges that they had a "stable and significant relationship with each other." In *Elden* v. *Sheldon* (1988) 46 Cal.3d 267 [250 Cal.Rptr. 254, 758 P.2d 582], the Supreme Court disapproved *Butcher* and held that because of "the state's interest in promoting the responsibilities of marriage and the difficulty of assessing the emotional, sexual and financial relationship of cohabiting parties to determine whether their arrangement was the equivalent of a marriage," a cause of action for loss of consortium cannot be extended to unmarried cohabiting couples. (*Id.,* at p. 279.)

In *Elden,* as in the present case, the cause of action for loss of consortium was based on death rather than injury of one who had an unmarried cohabitation relationship with the plaintiff. There, unlike the case at bench, it was not claimed that the wrongful death statute (Code Civ. Proc., § 377) precludes an action for loss of consortium rising from death of the plaintiff's nonmarital partner. The holding of *Elden* nevertheless is sufficiently broad to deny a cause of action for loss of consortium to unmarried cohabitants based on the death of one partner without regard to whether the cause of action is viewed as arising out of, and limited by, the wrongful death statute. Accordingly, it is unnecessary to determine whether plaintiff's cause of action for loss of consortium is in reality a wrongful death action which cannot be brought by a meretricious spouse. (*Garcia* v. *Douglas Aircraft Co.* (1982) 133 Cal.App.3d 890, 893 [184 Cal.Rptr. 390]; *Harrod* v. *Pacific Southwest Airlines* (1981) 118 Cal.App.3d 155, 157 [173 Cal.Rptr. 68].)

The complaint alleges loss of consortium resulting from the death of James Gibbon, with whom plaintiff was living but to whom she was not

---

[4] While the seventh cause of action includes the allegation that appellant "witnessed the injury to and death of James Henry Gibbon, and has thereby been damaged," appellant does not contend that a cause of action for negligent infliction of emotional distress is stated. (See *Drew* v. *Drake* (1980) 110 Cal.App.3d 555, 557-558 [168 Cal.Rptr. 65].)

married. A cause of action for loss of consortium does not lie where plaintiff and the decedent were unmarried cohabitants. (*Elden* v. *Sheldon, supra,* 46 Cal.3d 267, 277-279.)

## DISPOSITION

The judgment is affirmed. Appellant's motion to strike portions of respondents' brief is denied. Respondents shall recover their costs on appeal.

Johnson, J., and Woods (Fred), J., concurred.