[No. G014907. Fourth Dist., Div. Three. Oct. 30, 1996.]

U.D. REGISTRY, INC., Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE NORTH ORANGE JUDICIAL
DISTRICT OF ORANGE COUNTY et al., Defendants and Appellants.

**COUNSEL**

Terry C. Andrus, County Counsel, Jim Persinger and Marcus Shore, Deputy County Counsel, for Defendants and Appellants.

Horvitz & Levy, Barry R. Levy, Lisa Perrochet, Elizabeth Skorcz Anthony and Sumner B. Cotton for Plaintiff and Respondent.

## Opinion

**RYLAARSDAM, J.**—The superior court issued a writ ordering two municipal courts to grant a company offering a tenant screening service to landlords, access to all unlawful detainer files within the period public access is denied under Code of Civil Procedure[1] section 1161.2. The municipal courts appeal; we apply the statutory mandate and reverse.

### Facts

U.D. Registry, Inc. (UDR), a tenant screening company, sought an order allowing it access to all unlawful detainer filings in the municipal courts of the North Orange County and West Orange County Judicial Districts. The North Orange County Court denied the request on ground it did not find good cause. The West Orange County Court denied the motion, finding (1) the statute does not contemplate blanket orders, (2) the exceptions to the statute must be on a case-by-case basis on a showing of good cause, and (3) granting blanket orders would frustrate the intent of the statute.

Thereafter, UDR filed a petition for writ of mandate in the superior court. The superior court granted the writ, finding that "[section] 1161.2 defines suc[c]ess of this pilot project as a reduction of at least fifteen percent in the number of unmeritorious 'Arrieta' claims and/or tenant (defendant) bankruptcy filings. . . . Prohibiting credit reporting services such as plaintiff from access to the files will have no effect on the number of 'Arrieta' claims or bankruptcy petitions. . . . Respondents shall, upon receipt of this writ, allow petitioner access to all requested unlawful detainer filings within their respective courts, pursuant to the procedure set forth in [section] 1161.2."

### Discussion

This appeal from a judgment in a mandamus proceeding is appealable under section 904.1, subdivision (a)(1). (*People* v. *Municipal Court (Marandola)* (1979) 97 Cal.App.3d 444, 447 [158 Cal.Rptr. 739].)

Section 1161.2 provides in part, "(a) . . . in any case filed under this chapter in municipal court, the court clerk shall not allow access to the court file, index, register of actions, or the court records until 60 days following the date the complaint is filed, except pursuant to an ex parte court order upon a showing of good cause therefor by any person . . . . However, the clerk of the court shall allow access to the court file to a party in the action, an attorney of a party in the action, or any other person who (1) provides to

---

[1]All further statutory references are to the Code of Civil Procedure.

the clerk the names of at least one plaintiff, one defendant, and the address, including the apartment, unit, or space number, if applicable, of the subject premises, or (2) provides to the clerk the name of one of the parties or the case number and can establish through proper identification that he or she resides at the subject premises."

UDR argues that the legislative history of the statute demonstrates a purpose to prevent tenant rights organizations from reviewing the files and soliciting tenants to file unmeritorious *"Arrieta"* claims (see *Arrieta* v. *Mahon* (1982) 31 Cal.3d 381 [182 Cal.Rptr. 770, 644 P.2d 1249] [persons who occupied a premises when an unlawful detainer action is filed have a right to be heard on their claim of right to possession.]). Given this purpose, UDR contends that, since it is a landlord based group, the statute should not be applied. We disagree.

In interpreting statutes, this court is not bound by the trial court's interpretation. (*R & P Capital Resources, Inc.* v. *California State Lottery* (1995) 31 Cal.App.4th 1033, 1036 [37 Cal.Rptr.2d 436]; *California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].)

As we have previously stated: "There is order in the most fundamental rules of statutory interpretation . . . . The key is applying those rules in the proper *sequence*." (*Halbert's Lumber, Inc.* v. *Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1238 [8 Cal.Rptr.2d 298].) "First, a court should examine the actual language of the statute. [Citations.] . . . [¶] In examining the language, the courts should give to the words of the statute their ordinary, everyday meaning [citations] unless, of course, the statute itself specifically defines those words to give them a special meaning [citations]. [¶] If the meaning is without ambiguity, doubt, or uncertainty, then the language controls. [Citations.] There is nothing to 'interpret' or 'construe.' [Citations.] [¶] But if the meaning of the words is not clear, courts must take the second step and refer to the legislative history. [Citations.] [¶] The final step—and one which we believe should only be taken when the first two steps have failed to reveal clear meaning—is to apply reason, practicality, and common sense to the language at hand." (*Id.* at pp. 1238-1239.)

Here, we need only engage in the first level of statutory analysis— the ordinary meaning of the language—to determine whether the statute applies to UDR. The statute mandates there be a 60-day delay before allowing access to the files except on a case-by-case basis to persons who show "good cause" or parties, attorneys or persons who provide specified information to the clerk. There is nothing ambiguous or uncertain about the

statutory language. There is nothing in the statute indicating it is only to apply to organizations which represent tenants as opposed to landlords. Where the statute is clear, courts will not interpret away clear language in favor of an ambiguity that does not exist. (*Lennane* v. *Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].) It would be improper for this court to do so. (§ 1858.) There is no statutory justification for granting UDR a blanket exception. The trial court's decision is in error and must be reversed.

The order of the superior court issuing a writ of mandate to the municipal courts and the clerks of those courts is reversed. Judgment is to be entered in favor of appellants.

Crosby, Acting P. J., and Sonenshine, J., concurred.

A petition for a rehearing was denied November 13, 1996, and respondent's petition for review by the Supreme Court was denied January 28, 1997.