[E002976. Fourth Dist., Div. Two. Jan. 22, 1987.]

In re JOHN DAVID GARINGER on Habeas Corpus.

1150

**Counsel**

Gary A. Imburg for Petitioner.

Grover C. Trask II, District Attorney, and Brian J. Sussman, Deputy District Attorney, for Respondent.

**Opinion**

**KAUFMAN, Acting P. J.**—Defendant John David Garinger was charged with driving a vehicle under the influence of alcohol (DUI) on May 17, 1984, in violation of Vehicle Code section 23152, subdivision (b).[1] When defen-

---

[1]Vehicle Code section 23152 provides in pertinent part: "(a) It is unlawful for any person who is under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle.

"(b) It is unlawful for any person who has 0.10 percent or more, by weight, of alcohol in his or her blood to drive a vehicle."

Unless otherwise noted all further statutory citations shall refer to the Vehicle Code.

dant was arrested the police failed to deliver the advisements required under sections 23157 and 23157.5[2] that he could choose among blood, breath and urine tests, that any breath sample was not preservable for later analysis, and that if he chose a breath test he could provide a blood or urine sample that would be retained for later analysis. Defendant's blood alcohol level was tested by a breath test only.

Defendant entered a plea of not guilty and made a motion to suppress the evidence of his breath test because the statutory advisements had not been given by the arresting officers. The municipal court denied defendant's motion to suppress. By agreement with the District Attorney of the County of Riverside and the municipal court, defendant was permitted to enter a guilty plea without prejudice to his appealing his conviction to the appellate department of the superior court to obtain review of the denial of his suppression motion. The appellate department affirmed the judgment without opinion and defendant petitioned this court for habeas corpus. We issued an order to show cause and on our own motion ordered up the municipal court and appellate department files, of which we have taken judicial notice.

We issued an order to show cause primarily on the basis of an allegation in the petition to the effect that the failure of the police to inform petitioner of his rights in accordance with sections 23157 and 23157.5 was attributable to a deliberate, systematic and persistent policy of the Riverside Police Department not to give the advisements mandated by those statutes. The writ petition states in part: "14. That counsel for the Defendant was informed

---

[2]Section 23157, which at the time of defendant's arrest was section 13353, provides in pertinent part: "... (2)(A) If the person is lawfully arrested for driving under the influence of an alcoholic beverage, the person has the choice of whether the test shall be of his or her blood, breath, or urine, and the officer shall advise the person that he or she has that choice. If the person arrested either is incapable, or states that he or she is incapable, of completing any chosen test, the person shall submit to the person's choice of the remaining tests or test, and the officer shall advise the person that the person has that choice."

Section 23157.5, which at the time of defendant's arrest was section 13353.5, provides: "(a) In addition to the requirements of section 23157 [previously 13353], a person who chooses to submit to a breath test shall be advised before or after the test that the breath-testing equipment does not retain any sample of the breath and that no breath sample will be available after the test which could be analyzed later by the person or any other person.

"(b) The person shall also be advised that, because no breath sample is retained, the person will be given an opportunity to provide a blood or urine sample that will be retained at no cost to the person so that there will be something retained that may be subsequently analyzed for the alcoholic content of the person's blood. If the person completes a breath test and wishes to provide a blood or urine sample to be retained, the sample shall be collected and retained in the same manner as if the person had chosen a blood or urine test initially.

"(c) The person shall also be advised that the blood or urine sample may be tested by either party in any criminal prosecution. The failure of either party to perform this test shall place no duty upon the opposing party to perform the test nor affect the admissibility of any other evidence of the alcoholic content of the blood of the person arrested."

at the time of appeal by the District Attorney opposing defense counsel's appeal, that at the time [defendant] was arrested, that they had previously informed the police department since the ruling on *Trombetta* [*California* v. *Trombetta* (1984) 467 U.S. 479 [81 L.Ed.2d 413, 104 S.Ct. 2528]], that they did not have to give the [statutory] warnings as the U.S. Supreme Court prevented this from resulting from [*sic*] any unconstitutional application by the police authorities. [¶] 15. That the District Attorney revealed to defense counsel that this policy was not withstanding [*sic*] the fact that [§ 23157.5] is and continues to be even to date, the law in the State of California."

The assertions of defendant in this regard were given added credibility by the absence of any denial in the papers filed by the district attorney in opposition to the petition for habeas corpus. Indeed, the district attorney's only contention was that the failure of the police to give the advisements mandated by sections 23157 and 23157.5 did not violate any constitutional right and therefore could not give rise to an order for the suppression of evidence.

■ Needless to say, it is the fundamental duty of every police department and officer and every district attorney and deputy district attorney, indeed, of every governmental officer in this state, to obey and carry out the laws of this state irrespective of their source, be it a constitution, statute, or duly promulgated regulation, order or judgment.

■ States are free to set higher standards for police practices under state law than are required by the federal Constitution. (*Oregon* v. *Hass* (1975) 420 U.S. 714, 719 [43 L.Ed.2d 570, 575, 95 S.Ct. 1215]; *Cooper* v. *California* (1967) 386 U.S. 58, 62 [17 L.Ed.2d 730, 734, 87 S.Ct. 788]; see also *Michigan* v. *Mosley* (1975) 423 U.S. 96, 120 [46 L.Ed.2d 313, 331, 96 S.Ct. 321] (Brennan, J., dis.); *Lego* v. *Twomey* (1972) 404 U.S. 477, 489 [30 L.Ed.2d 618, 627, 92 S.Ct. 619]; *People* v. *Hannon* (1977) 19 Cal.3d 588, 606 [138 Cal.Rptr. 885, 564 P.2d 1203].) ■ Although as discussed *infra*, section 23157.5 was no doubt originally enacted in response to the decision in *People* v. *Trombetta* (1983) 142 Cal.App.3d 138 [190 Cal.Rptr. 319], which was later reversed by the United States Supreme Court in *California* v. *Trombetta, supra,* 467 U.S. 479 [81 L.Ed.2d 413, 104 S.Ct. 2528], the California Legislature is undoubtedly aware of the reversal but nevertheless has not repealed section 23157.5. Accordingly section 23157.5 is the law of this state.

However, the question of whether otherwise competent evidence should be excluded because of a police officer's failure to give the prescribed advisements is quite a different question. Existing case law would indicate that suppression of the test results is not a necessary or appropriate response to

the failure to give the statutory advisements. (See *People* v. *Bloom* (1983) 142 Cal.App.3d 310, 317-318 [190 Cal.Rptr. 857], and cases there discussed.) Moreover, though it is in all likelihood not applicable to this case, we observe that effective January 1, 1987, Vehicle Code section 23157.5 was amended to add subdivision (d) which reads: "No failure or omission to advise pursuant to this section shall affect the admissibility of any evidence of the alcoholic content of the blood of the person arrested."

Section 23157 (formerly § 13353) was amended in 1969 to require the advisement of DUI suspects that they may choose among breath, blood and urine tests to determine their blood alcohol content. Section 23157.5, on the other hand, was passed as emergency legislation in 1983 to provide a constitutional procedure for administering breath tests in light of the decision in *People* v. *Trombetta, supra,* 142 Cal.App.3d 138. (See Stats. 1983, ch. 841, § 4, p. 3018.)

In *People* v. *Trombetta, supra,* 142 Cal.App.3d 138, the court held that the police's failure to preserve breath samples which provided the sole evidence of blood alcohol levels deprived drunk driving defendants of due process under *People* v. *Hitch* (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361]. The California Supreme Court denied a petition for hearing and the Legislature subsequently enacted section 23157.5 in an attempt to mandate police procedures which would satisfy constitutional due process concerns.[3]

Subsequently, the United States Supreme Court granted certiorari in *Trombetta* and held the due process clause of the Fourteenth Amendment to the United States Constitution does not compel law enforcement agencies to preserve breath samples as a prerequisite to introduction of the breath test results at trial. (*California* v. *Trombetta, supra,* 467 U.S. 479 [81 L.Ed.2d 413, 104 S.Ct. 2528].)

■ In light of *California* v. *Trombetta, supra,* 467 U.S. 479, in the

---

[3]We take judicial notice of the Legislative Counsel's Digest report on 1983 Senate Bill No. 243, which eventually became section 23157.5. The Legislative Counsel report on the bill states: "Existing law requires that any person lawfully arrested for driving under the influence of alcohol, or the combined influence of alcohol and a drug, submit to chemical testing of his or her blood, breath, or urine for the purpose of determining the alcoholic content of the blood. Court decisions have held that it is an unconstitutional denial of due process of law to fail to preserve a breath sample for retesting where the test used necessitates the permanent encapsulation of the breath sample. A recent court of appeal decision [i.e., *People* v. *Trombetta*] held that the prosecution has an obligation to preserve a breath sample for retesting even if the test used does not necessitate the retention of a breath sample. Under these court decisions, the failure to preserve a breath sample for retesting is grounds for excluding the results of the original test."

absence of a showing of deliberate, systematic nonadvisement, the California Constitution precludes the relief defendant seeks. California Constitution, article I, section 28, subdivision (d), enacted as part of Proposition 8, provides in pertinent part: "[R]elevant evidence shall not be excluded in any criminal proceeding, including pretrial . . . motions."

 Decisions in other areas of criminal procedure have noted the extent to which Proposition 8 makes state exclusionary rules unavailable. "Article I, section 28, subdivision (d), eliminated 'a judicially created *remedy* for violations of the search and seizure provisions of the federal or state Constitutions, . . . *except to the extent that exclusion remains federally compelled.*' (*In re Lance W.* (1985) 37 Cal.3d 873 at pp. 886-887 . . ., latter italics added.)" (*People* v. *Lyon* (1985) 171 Cal.App.3d Supp. 20, 22-23 [218 Cal.Rptr. 290].)

Being concerned with the uncontroverted assertion of defendant that the failure of the police to give him the statutory advisements resulted from a deliberate, systematic policy of the Riverside Police Department and the federal equal protection of laws question that assertion would raise if true, this court appointed Honorable Robert J. Timlin, Judge of the Riverside Superior Court, as a referee of this court to conduct an evidentiary hearing on the question and to report to this court his findings and conclusions.

Pursuant to our order the referee conducted a full evidentiary hearing on December 8 and 9, 1986, in which petitioner, represented by counsel, and the People participated. The referee has filed with this court his findings and conclusions, a true copy of which is attached to this opinion as an appendix. Among the pertinent findings are two numbered 5 and 6 which read in part: "5. At no time, either prior to May 17, 1984 or thereafter, did the Department have a general, deliberate and systematic policy not to give the advisements required by sections 23157 and 23157.5 of the Code to persons arrested on suspicion of drunk driving."

"6. The failure of Officer Avila and Sergeant Carroll to advise Petitioner in accordance with either section 23157 or section 23157.5 was not the result of a general, deliberate and systematic policy of the Department not to give such advisements to persons arrested on suspicion of drunk driving."

Exercising its independent judgment (see *In re Wright* (1978) 78 Cal.App.3d 788, 801 [144 Cal.Rptr. 535], and cases there cited) this court has reviewed and evaluated the evidence, which is virtually uncontroverted, and finds it not only fully supports but, indeed, compels the above-quoted findings as well as the other findings and conclusions of the referee. Accordingly, this court adopts the referee's findings and conclusions as its own.

■ Because the United States Supreme Court's decision in *Trombetta* held the failure to preserve breath samples does not violate constitutional due process rights, it follows that the failure to render statutory advisements concerning the breath test likewise does not impinge on constitutional due process rights (cf. *People* v. *Bloom, supra,* 142 Cal.App.3d 310, 317, and cases there cited) and thus cannot give rise to an exclusionary remedy under Proposition 8. Because the evidence establishes the failure of the police to advise defendant as statutorily required was not the result of any policy of the Riverside Police Department, exclusion of the blood alcohol test in aid of equal protection of laws would not be warranted.

We conclude defendant's conviction was lawful and no valid ground for habeas corpus has been demonstrated.

*Disposition*

The petition for habeas corpus is denied. The order to show cause heretofore issued is discharged.

McDaniel, J., and Rickles, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Acting Chairperson of the Judicial Council.

APPENDIX

F I L E D
Keenan G. Casady, Clerk

DEC 26 1986
E
COURT OF APPEAL FOURTH DIST 2ND

COURT OF APPEAL, STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT, DIVISION TWO

IN RE: ) No. E002976
 )
JOHN DAVID GARINGER, ) (Riverside County Superior
 ) Court No. A-1155;
 ) RMC No. 149589)
 ON HABEAS CORPUS. )
 ) REPORT OF FINDINGS AND
 ) CONCLUSIONS OF REFEREE
 )
_____)

I. PROCEDURAL BACKGROUND

The undersigned Judge was appointed by the Acting Presiding Judge of the Court of Appeal, Fourth Appellate District, Division Two ("Appellate Court") to act as a Referee in this case. This Referee was ordered by the Appellate Court to conduct an evidentiary hearing on the Petition of John David Garinger ("Petitioner") for a Writ of Habeas Corpus and report his findings and conclusions thereon.

The question, upon which the Appellate Court directed the Referee to hold an evidentiary hearing, and make findings and conclusions is: whether the failure of the police to advise

- 1 -

Petitioner in accordance with Vehicle Code sections 23157 and 23157.5 was the result of a general, deliberate and systematic policy of the Riverside Police Department not to give those advisements to persons arrested on suspicion of drunk driving.

At the direction of the Appellate Court, this Referee conducted an evidentiary hearing on December 8 and 9, 1986 and heard closing arguments thereon. At the hearing, Deputy Chief of Police, Mervin D. Feinstein, and Sergeant Gerald L. Carroll, Riverside Police Department testified. (The transcription of the testimony of these witnesses and closing arguments are transmitted with this report.)

The Referee also considered the following exhibits: 1) Riverside Police Department Training Bulletin No 140 (84-5-3), dated May 17, 1984, (Exhibit 1) and 2) DWI report by Officer Avila, dated November 27, 1984 (Exhibit A).

Further, the Referee accepted as evidence stipulations by counsel as to the testimony of certain persons, if they had been sworn and testified. (The stipulations are stated in the transcription of the evidentiary hearing proceedings.)

The Referee applied certain principles of law concerning the procedures for the conduct of the hearing, his consideration of the aforesaid evidence and his findings and conclusions on the issue. He determined that Petitioner had the burden of producing evidence at the hearing and persuading the fact finder. Ex Parte Dixon, 41 Cal.2d 756. He also concluded that the burden of proof standard is preponderance of the evidence. Ex Parte De La Roi, 27 Cal.2d 354, 365; Ex Parte Ancheta, 80 Cal.App.2d 255.

- 2 -

In making his findings and conclusions to the Appellate Court, the Referee considered the demeanor of the witnesses as they testified at the hearing, including their responsiveness to questions, their articulation of answers thereto and the manner in which they testified.

## II. REFEREE'S FINDINGS AND CONCLUSIONS

1. Petitioner was lawfully arrested on November 27, 1984 by Officer R. Avila, City of Riverside Police Department ("Department") on suspicion of driving under the influence of an alcoholic beverage in violation of section 23152(a) and (b) of Vehicle Code ("Code").

2. Sergeant Gerald Carroll of the Department administered a breath test to petitioner on November 27, 1984 for the purpose of determining Petitioner's blood alcohol content.

3. Neither Officer Avila nor Sergeant Carroll advised Petitioner, before the test, as required by section 23157 of the Code (previously section 13353 on November 27, 1984) or either before or after the test, as required by by section 23157.5 of the Code (previously section 13353.5 on November 27, 1984).

4. On May 17, 1984, the Department issued a training bulletin concerning the 23157.5 advisement ("Bulletin"), which encompassed the District Attorney's suggested language for such advisement (Exhibit 1). This bulletin was considered a policy of the Department although it may not have been inserted in the Department's departmental police manual.

5. At no time, either prior to May 17, 1984 or

thereafter, did the Department have a general, deliberate and systematic policy not to give the advisements required by sections 23157 and 23157.5 of the Code to persons arrested on suspicion of drunk driving.

6. The failure of Officer Avila and Sergeant Carroll to advise Petitioner in accordance with either section 23157 or section 23157.5 was not the result of a general, deliberate and systematic policy of the Department not to give such advisements to persons arrested on suspicion of drunk driving.

The following findings are made, although not requested by the Appellate Court, because the evidence addressed the issues upon which the findings are being made:

A. There is insufficient proof from the evidence that either Sergeant Carroll or Office Avila on November 27, 1984 had a general, deliberate and systematic personal policy not to give arrestees for violation of section 23152 of the Code advisements under sections 23157 and 23157.5. There was no evidence presented on that issue as to Officer Avila. The evidence as to Sergeant Carroll demonstrates that when the Department promulgated the Bulletin on May 17, 1984, Sergeant Carroll implemented it and followed it as Department policy.

B. There was evidence that in 1984 before the issuance of the Bulletin and especially in late 1984 and early 1985 certain individual department officers, were confused as to the legal requirements to give the advisement under section 23157.5 even though the Bulletin had/been issued in May, 1984. A substantial number of such officers personally decided not to give such advisement but such decision was not a collective

- 4 -

decision by a particular group of officers. It involved a number of individual personal decisions by such officers. In any event, the evidence is clear that the Department had a consistent and continual policy of giving both advisements and the individual decisions of such officers were contrary to the policy and not authorized by the Department.

7. Officer Avila and Sergeant Carroll's failure to advise Petitioner under sections 23517 and 23517.5 of the Code did not result in either of them or the Department violating Petitioner's rights not to be deprived of the equal protection of the laws under the Fourteenth Amendment of the U. S. Constitution and section 7(a) of Article I of the California Constitution nor his right to uniform operation of all laws of a general nature of the State of California under section 16(a) of Article IV of the California Constitution.

## III. REFEREE'S RECOMMENDATION

Based on the aforesaid findings and conclusions. The undersigned Referee recommends that the Appellate Court deny Petitioner's petition and discharge the Writ of Habeas Corpus.

Dated: December 23, 1986.

ROBERT J. TIMLIN, REFEREE

- 5 -