[No. D034993. Fourth Dist., Div. One. June 8, 2000.]

TOM HORNUNG et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
RONALD ZYCH et al., Real Parties in Interest.

**COUNSEL**

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Paul D. Gifford, Assistant Attorney General, Barbara C. Spiegel, Darrell L. Lepkowsky, Nicholas N. Paul and Michelle A. Des Jardins, Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

Steven J. Carroll, Public Defender, and Matthew C. Braner, Deputy Public Defender, for Real Parties in Interest.

**OPINION**

**O'ROURKE, J.**—Petitioners Tom Hornung, Warden at R.J. Donovan Correctional Facility, and James W. Nielsen, Chairman of the Board of Prison Terms, seek a writ of mandate to compel respondent superior court to grant their motion to quash subpoenas for two commissioners of the Board of Prison Terms to appear at evidentiary hearings pursuant to orders to show cause granted as to the writs of habeas corpus of Ronald Zych and William Henry Jackson (Real Parties). Petitioners contend the court should have granted the motion to quash because the separation of powers doctrine and the deliberative process privilege protect the commissioners from testifying as to their decisions; judicial inquiry into the commissioners' job qualifications is inappropriate; and the commissioners may not be questioned as to bias.[1] Because we agree the separation of powers doctrine prevents Real Parties from questioning the commissioners, we grant the petition for writ of mandate.[2]

### FACTUAL AND PROCEDURAL BACKGROUND

Real Parties are inmates serving indeterminate life terms. Each filed a petition of habeas corpus challenging the decision to deny parole at his

---

[1]Petitioners also discuss the standard of review for parole board hearings. Because that issue is not relevant to the propriety of subpoenaing the commissioners, we do not discuss it.

[2]The deliberative process privilege protects the policymaking decisions of the executive branch. (*Times Mirror Co. v. Superior Court* (1991) 53 Cal.3d 1325, 1339-1341 & fn. 10 [283 Cal.Rptr. 893, 813 P.2d 240].) We do not rely upon the deliberative process privilege in this case because the decisions made by the Board of Prison Terms are quasi-judicial decisions.

most recent parole suitability hearing. The petitions allege that since 1992, the number of suitability grants had declined from about 5 percent during the Deukmejian administration to less than 1 percent during the Wilson administration.

The court issued an order to show cause in each case and scheduled evidentiary hearings. On November 22, 1999, Real Parties subpoenaed Deputy Commissioner Carol Bentley and Commissioner Thomas Giaquinto to appear at the evidentiary hearings. On November 30, petitioners filed motions to quash the subpoenas. After a hearing, the court issued an order denying the motions to quash but limiting the commissioners' testimony to training, policies, and evidence about the respondents' specific cases.

## DISCUSSION

We first deal with Real Parties' contention that writ review is not available. ■ We agree writ review is not generally available to resolve the admissibility of evidence, which is normally resolved by appeal. (*People v. Municipal Court (Ahnemann)* (1974) 12 Cal.3d 658, 660 [117 Cal.Rptr. 20, 527 P.2d 372].) "However, 'when the remedy by appeal is rendered inadequate in the context of a specific case, this court may, in its discretion, permit an aggrieved party to bypass the appellate process and pursue extraordinary relief.' [Citation.]" (*Silva v. Superior Court* (1993) 14 Cal.App.4th 562, 573-574 [17 Cal.Rptr.2d 577].) A court may issue a writ of mandate when " ' "the issues presented are of great public importance and must be resolved promptly." ' [Citation.]" (*Anderson v. Superior Court* (1989) 213 Cal.App.3d 1321, 1328 [262 Cal.Rptr. 405].) For example, writ review of pretrial evidentiary rulings was available in a case of multiparty, complex litigation. (*Vermeulen v. Superior Court* (1988) 204 Cal.App.3d 1192, 1196 [251 Cal.Rptr. 805].) Here, we address an issue concerning the separation of powers, a matter of great public importance, where courts have routinely issued writs to prevent pretrial discovery. (*County of Los Angeles v. Superior Court* (1975) 13 Cal.3d 721 [119 Cal.Rptr. 631, 532 P.2d 495] [writ issued to override the court's order allowing deposition of legislators concerning a specific topic as it related to the passage of legislation]; *State Board of Pharmacy v. Superior Court* (1978) 78 Cal.App.3d 641 [144 Cal.Rptr. 320] [writ issued to quash subpoena to depose Attorney General].) In addition, writ review is necessary to protect the nine Board of Prison Term commissioners from the burden of attending evidentiary hearings throughout the state. (Cf. *People v. Arbuckle* (1978) 22 Cal.3d 749, 754 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171] [burden on correctional officers if required to testify regarding probation reports].)

■ Administrative officers performing a quasi-judicial function may not be questioned about their mental processes. (*State of California v. Superior Court* (1974) 12 Cal.3d 237, 257-258 [115 Cal.Rptr. 497, 524 P.2d 1281].) In *United States* v. *Morgan* (1941) 313 U.S. 409 [61 S.Ct. 999, 85 L.Ed. 1429], the court held the Secretary of Agriculture should not have been called as a witness and questioned "regarding the process by which he reached the conclusions of his order, including the manner and extent of his study of the record and his consultation with subordinates." (*Id.* at p. 422 [61 S.Ct. at p. 1004].) "Just as a judge cannot be subjected to such a scrutiny [citation], so the integrity of the administrative process must be equally respected. [Citation.]" (*Ibid.* [*Id.* at pp. 1004-1005].) The commissioners perform a quasi-judicial function when they decide to grant or deny parole. (*Sellars v. Procunier* (9th Cir. 1981) 641 F.2d 1295, 1304.) Therefore, the constitutional doctrine of separation of powers precludes the court from inquiring into the mental processes or motivation that underlie the commissioners' actions. (*In re Johnson* (1995) 35 Cal.App.4th 160, 170, fn. 8 [41 Cal.Rptr.2d 449]; *In re Fain* (1976) 65 Cal.App.3d 376, 393, fn. 14 [135 Cal.Rptr. 543].)

Here, the court recognized the commissioners could not be questioned about mental processes and limited Real Parties' questions, as follows: "Petitioners clearly may not question the commissioners about their political motivations or their mental processes, nor may they question the commissioners about the specifics of any other cases not relevant to the instant proceedings. The commissioners may, however, be questioned as to their training procedures, their written and oral directives or policies that control or attempt to control suitability and release date hearings for life prisoners and the materials or information provided about the Petitioners' specific cases." Unfortunately, the court's attempt to limit the commissioners' testimony still violates the separation of powers doctrine. First, the law clearly holds that a court may not inquire as to what materials a quasi-judicial officer reviewed and relied upon in making a decision. (*State of California v. Superior Court, supra,* 12 Cal.3d at p. 258.) Such inquiry was precisely what the Supreme Court derided in *United States v. Morgan, supra,* 313 U.S. 409. Second, the distinction the court attempted to draw between the training and the written and oral directives that are controlling in a parole suitability and release date hearing—on the one hand—and the mental processes that result in a decision—on the other hand—is a distinction without a difference. The training and the written and oral directives are merely components of the mental processes a decision maker applies when coming to a judgment.

Real Parties argue they should be able to question the commissioners as to their after-the-fact bias as part of the due process issues Real Parties

raised. ■ Real Parties correctly contend they are entitled to due process (*In re Minnis* (1972) 7 Cal.3d 639, 649 [102 Cal.Rptr. 749, 498 P.2d 997]), which includes having an impartial hearing, "free from bias or prejudice." (*O'Bremski v. Maass* (9th Cir. 1990) 915 F.2d 418, 422.) The California Code of Regulations, title 15, section 2250 defines an impartial panel as one whose members do not have a specific prejudice for or against the particular prisoner.[3] Real Parties have made no showing of such individualized prejudice.

Real parties incorrectly presume bias means a generalized prejudice against all criminals. ■ Such views are, however, not evidence of bias: "The right to an impartial trier of fact is not synonymous with the claimed right to a trier completely indifferent to the general subject matter of the claim before him. . . . [T]he word bias refers ' "to the mental attitude or disposition of the judge towards a party to the litigation, and not to any views that he may entertain regarding the subject matter involved." ' In an administrative context, Professor Davis has written that 'Bias in the sense of crystallized point of view about issues of law or policy is almost universally deemed no ground for disqualification.' [Citations.] This long established, practical rule is merely a recognition of the fact that anyone acting in a judicial role will have attitudes and preconceptions toward some of the legal and social issues that may come before him." (*Andrews v. Agricultural Labor Relations Bd.* (1981) 28 Cal.3d 781, 790-791 [171 Cal.Rptr. 590, 623 P.2d 151].) In fact, Real Parties' argument is that the commissioners have not followed the law and the policies that have been adopted as regulations. As with any other supposed breakdown in the administrative or judicial process, Real Parties' remedy is to have a court review the record and other admissible evidence in accordance with applicable legal standards. As part of that

---

[3]Under California Code of Regulations, title 15, section 2250, prisoners are entitled to an impartial hearing panel: "A prisoner is entitled to a hearing by an impartial panel. A prisoner may request the disqualification of a hearing panel member or a hearing panel member may disqualify himself. [¶] (a) Grounds for Disqualification. A hearing panel member shall disqualify himself in the following circumstances: [¶] (1) A close personal relationship exists between the hearing panel member and the prisoner or between their immediate families. [¶] (2) The hearing panel member was involved in a past incident with the prisoner which might cause him to be prejudiced against the prisoner; for example, the hearing panel member was responsible for the arrest of the prisoner or the prisoner has assaulted the hearing panel member or a member of the hearing panel member's family. [¶] (3) The hearing panel member is actually prejudiced against or biased in favor of the prisoner to the extent that he cannot make an objective decision. [¶] (b) Decision. The hearing panel shall make and document the decision on disqualification if the issue has been raised. Disqualification shall not occur solely because the hearing panel member knew the prisoner in the past or has made a decision in the past affecting the prisoner."

process, the separation of powers doctrine bars a court from placing the decision makers on the stand to inquire into their mental processes.[4]

DISPOSITION

Let a writ of mandate issue directing the Superior Court of the County of San Diego to vacate the portion of its January 7, 2000 order of denying the motions to quash the subpoenas of Commissioners Bentley and Giaquinto and to issue an order quashing those subpoenas. The February 8, 2000 stay issued by this court is vacated.

Benke, Acting P. J., and McIntyre, J., concurred.

The petition of petitioner Tom Hornung for review by the Supreme Court was denied September 27, 2000. Brown, J., did not participate therein.

---

[4]Real parties' reliance upon *In re Garinger* (1987) 188 Cal.App.3d 1149 [233 Cal.Rptr. 853] is misplaced. Police officers are not quasi-judicial officers nor are they legislators. Therefore, the separation of powers doctrine does not apply to their decisions.